The opinion of the Court was afterwards delivered by
Parsons, C. J.
[After reciting the report of the judge.] When a horse is sold upon an implied warranty that he is sound, and at *441 the time of the sale the vendor knows that he is not sound, this is such a fraud in him as will render the contract void, at the election of the vendee. If he chooses to consider the contract as void, he must return the horse within a reasonable time, and then he may maintain a general indebitatus assumpsit for the purchase money, as money had and received to his use. If he had exchanged horses and given * money as boot, he may not [ * 505 J only maintain that action for his money, but also trover for the horse he parted with in exchange.
But he ought not to retain any part of the consideration he received upon the sale or exchange; as, if in the exchange he received money in boot, he ought to return, not oidy the unsound horse, but also the money he received. For he shall not compel even the fraudulent seller to an action, to recover back the property he has parted with in the exchange. This rule applies only to the cas.e of an implied warranty on a fraudulent sale or exchange. But the party defrauded is not obliged to consider the fraudulent contract as void, but may, at his option, maintain an action of deceit or a special assumpsit, and recover damages (if he has sustained any) for the fraud. If the warranty be express, his remedy, either on a fraudulent sale or exchange, must be by an action of deceit or by a special assumpsit.
In the present case, the evidence offered was to prove a fraudulent exchange, with an implied warranty that the horse was sound, when the vendor knew that he was unsound. The defendant had, therefore, his option to consider the bargain void. If he chose so to consider it, he ought to have returned all the property that he received on executing the contract. He ought to have returned the horse, and his own note that was delivered up to him by the plaintiff; or, if cancelled, the money to pay it. Had this been done, we are satisfied that he might have maintained trover for his horse, and for Phillips’s note, which he delivered to the plaintiff, and the plaintiff’s property in the steers would have been disannulled.
But, in fact, he still has the benefit of the note, which the plaintiff delivered him, to which he can have no claim, if the contract be void. For this reason, we are satisfied that he cannot defend himself in this action upon the ground that the exchange was void.
There is another important fact stated — that after ne returned the unsound horse, he commenced an action of deceit against the plaintiff, to recover damages for the fraud, which action is still pending; and not an action of trover for his * horse, [ * 506 ] which he had delivered the plaintiff. By this action, it is also very clear that he has made his election to consider the contract as subsisting, and to recover damages for the breach of it. *442 And if the contract be considered as subsisting, the plaintiff’s property in the steers is not annulled, and the evidence was very properly rejected.
The verdict must stand, and judgment be entered accordingly, (a)

 [Conner vs. Henderson, 15 Mass. Rep. 319 and note. — Bradford vs. Manley, 13 Mass. Rep. 139.— Breed vs. Blandford, 2 Y. & J. 284.—Brinley vs. Tibbetts, 7 Gr. 70. — Campbell vs. Heming, 3 N. & M. 834. — Gompertz vs. Denton, 1 Cr. & M. 207. — Street vs. Blay, 2 B. & Ad. 463. — James vs. Cotton, 5 M. & P. 26. — Oxendale vs. Oliver, 9 B. & Cr. 386. — Adlard vs. Booth, 7 Cor. & P. 108. — Bragg vs. Cole, 6 Moore, 114. — Weaver vs. Sessions, 6 Taunt. 164. — Mavor vs. Pye, 3 Bing. 286. — The purchaser who has received and accepted a specific chattel, has no right to return it, unless there be a condition in the contract authorizing it, or the vendor has consented to it, or there be fraud. But the mere taking a thing made to order, or sold by sample, for the purpose of examination, will not be treated as a waiver of the right to return — Long on Sales, by Rand, 213—219, 240. — Ed.]