## BARNES v. BAILEY & DE BARD.

1. When the defendant pleads a payment *puis darrien continuance*, and under that plea, shows the acceptance by the plaintiff of a certain bill and note in discharge of the action, the contract of payment cannot be impeached for fraud, unless there has been a return, or offer to return, the bill and note received under it.

Writ of error to the Circuit of Pickens county.

ACTION of assumpsit on a promissory note. Plea *puis dar-rien continuance*, that since the last term of the Court, to writ: on the 29th August, 1840, in the county, &c., he, the defendant, paid to the said plaintiffs the full amount and interest due on the note declared on, whereupon, &c.

Issue to the country, and verdict for the plaintiffs; for which judgment was rendered.

In the progress of the trial, the defendant produced and gave in evidence a receipt in these words: " Received of John A. Barnes a bill of exchange for six hundred dollars, drawn by said Barnes, and endorsed by Thomas Amoson and Blake Little; and a note made by said Barnes, and endorsed by Amoson and Little, for three hundred and forty dollars; which bill and note are received in full payment of a note of said Barnes for eight hundred and thirty-three and sixty-six one-hundredths dollars, payable to James Daniel or order, now in suit in Pickens county, Ala., in the name of Bailey & De Bard, against said Barnes.

Signed,     LEWIS BROOKS,
Agent for Bailey & De Bard."

The plaintiff then introduced evidence tending to show that said receipt was obtained by fraud and misrepsentation; thereupon the defendant introduced evidence tending to show, that his agent had proffered to the plaintiff's attorney, a return of said receipt, and a rescission of the contract of settlement shown therein, provided the bill of exchange and note, first specified in the receipt, should be given up to the defendant. But said bill of exchange and note were retained by the plaintiff's attorney, and were not produced on trial, or offered to be surrendered; nor was it shown that the same had ever been offered to be surrendered or returned to the defendant, or to be cancelled.

The defendant asked the Court to instruct the jury, that to avoid the receipt, the plaintiff must bring in and offer to return and surrender the bill of exchange and the note therein specified; or he must show that he had offered to do so at some former time. But the Court instructed the jury, that if they believed the receipt was obtained by fraud, it was void; and that it was unnecessary that the bill of exchange and note

therein specified should be returned to the defendant in order to avoid the force of the receipt. To this charge, the defendant excepted.

He now prosecutes his writ of error, and assigns that this charge is erroneous.

BLISS, for the plaintiff in error, insisted, that the receipt evidenced a contract, which is to be governed by the same rules as other contracts of a similar description. The effect of the receipt was to avoid the note; and if a fraud had been practiced in procuring it, the contract evidenced by it could only be rescinded by consent; or by placing the defendant *in statu quo*, by returning the bill of exchange and note. He ought not to avoid the contract and retain the subjects of it. (Kimball v. Cunningham, 4 Mass. 502; Conner v. Young, 15 ib. 319·; Norton v. Young, 3 Greenl. 30; Barton v. Stewart, 3 Wend. 236; Long on Sales 242; Comyn on Con. 48; Pope v. Nance, Minor 299; Christian v. Scott, ib· 354; Pope v. Hickman, 1 Stewart 220–354; McMillion v. Pigg, 3 Stew. 165; Morehaed v. Gayle; 2 S. & P. 224; Wade v. Killough, 3 S. & P. 431; Ogburn v. Ogburn, 3 Porter 128.)

HAIR, contra, considered the instructions as proper. Fraud vitiates every transaction, and the note and bill of exchange were of no value in the hands of the plaintiff after he repudiated the contract for the fraud.

The offer to rescind the contract and receive the bill and note, was made to one who had but a special agency, and who was not the general agent of the plaintiff.

The substituted note and bill may have been forgeries; and therefore important to retain for the purposes of public justice.

GOLDTHWAITE, J.—This case is somewhat complex, from the peculiar condition of the parties, with respect to the principle involved. The defendant, by his plea, insists that the contract on which he is sued, has been discharged by payment; and he shows in evidence a new contract, by which the plaintiff agreed to receive a certain bill and note in discharge of the debt. The effect of this new contract is sought to be destroyed on the ground of fraud. What the fraud consisted in, is not disclosed in the bill of exceptions.

It is clear, we think, on principle, as well as authority, that if money had been paid for the bill and note, it could not be recovered back without showing the worthlessness of the paper received; or unless an offer was made to return it.

In the case of Kimball v. Cunningham, 4 Mass. 502, the rule is laid down, that a purchaser shall not compel even a fraudulent seller to resort to his action to recover the thing sold.

This rule is also maintained in a great number of cases which have been cited by the counsel for the plaintiff in error, and amongst them are several decisions of our own Court.

In the case of Pope & Hickman v. Nance & Co., Minor 290, this rule was held to preclude one from resorting to his action for the original consideration of a contract, which had been discharged by giving a forged note in payment, unless he showed a return of the note; or unless he had exhausted all the liabilities on it. Perhaps this case goes too far in asserting, that it was necessary to return, or offer a return, of a worthless instrument; but the decision turns on the fact, that the note was not so to be considered, as it was endorsed by individuals who were not shown to be insolvent. As the record now stands in this case, the plaintiffs have not only a judgment against the defendant on the original contract, but they also have the possession of the note and bill which were given in its discharge. They may, therefore, compel the defendant to resort to his action for the recovery of that which is his own property.

We are satisfied that the present case is not governed by any exception to the general rule. It is not shown that the note and bill could not be returned in consequence of the absence of the defendant; nor is any other cause shown which will excuse the offer to rescind the latter contract, and discharge the plaintiffs from the necessity of placing the defendant *in statu quo.*

The defence is one which occurred after the institution of the suit; therefore, it seems that an offer to return the note and bill at the trial, would have the effect to rescind the latter contract, if it was also vitiated by fraud; but we do not wish to be considered as deciding this question, because it is not now before us.

Let the judgment be reversed, and the case remanded.