Hon. ETHER SHEPLEY, ll. d., Chief Justice.
Hon. SAMUEL WELLS,       ⎱ Associate
Hon. JOSEPH HOWARD.      ⎰ Justices.

---

## Tisdale *versus* Buckmore.

If a party would rescind a contract, obtained by fraudulent representations, he must restore whatever he received under it.

On Report from *Nisi Prius*, Howard, J. presiding.

Assumpsit.

The plaintiff and the defendant had jointly purchased a bond for a deed of land.

The bond was made to the defendant, but the plaintiff was entitled to two quarters of its effects.

There was evidence tending to show *that* the plaintiff applied to the defendant for another quarter ; *that* the defendant replied, that he had agreed to let Mr. Dodge have one quarter, but that he would ascertain whether Dodge would let the

plaintiff have it, *that* afterwards the defendant informed the plaintiff, that Dodge would consent to the plaintiff's taking the quarter for $1000, and no less; *that* the plaintiff accepted the offer, and paid that sum to the defendant, who thereupon assigned that quarter to the plaintiff; but *that*, in fact, Dodge never had any rights or interest of any kind whatever in the bond.

This action is brought to recover back the $1000 with its interest.

The Judge directed a nonsuit; which, by consent, is to be taken off, if improperly ordered.

*Robinson* and *Herbert*, for the plaintiff.

It may be urged in defence, that before commencing the suit, the plaintiff was bound to re-assign the quarter of the bond. That would be true, if the thousand dollars had been paid to the defendant as a compensation to *him* for the one quarter of the bond. But such was not the fact. It was paid to the defendant, not for *his* use, but for the use of Dodge, in consideration of an interest which Dodge was supposed to have. But Dodge had in fact nothing which he could convey to the plaintiff, and the money was never paid to him. It was therefore wrongfully taken from the plaintiff.

The authorities which the defendant's counsel may rely upon as requiring a re-conveyance of property, are only cases where the false representation is as to the *value*. They do not apply to cases of money obtained through false pretences of the defendant, such as would sustain an indictment against him as a cheat.

But the defendant, by his averment, that Dodge owned the quarter, is estopped to deny that fact, and cannot complain, that the plaintiff acted upon the averment as true. If he was bound to re-assign, to *whom* should the re-assignment be made? Surely not to the *defendant*, but to *Dodge*. How then can the defendant complain, that no re-assignment was made? He is not injured by the omission.

The view, then, to be taken is, that Dodge owned the quarter, and the defendant undertook, as agent for the plaintiff,

to purchase it. That the defendant never did purchase it, but falsely pretended that he had, and then made a sham and inoperative conveyance of it to the plaintiff, for the doing of which he fraudulently received of the plaintiff the sum of $1000, and now withholds it. Can the law sanction a proceeding so dishonest? If it can throw a protection over parties in the practice of such gross and unhallowed transactions, where can safety be found?

*J. & M. L. Appleton*, for the defendant.

WELLS, J. — The plaintiff was induced to purchase one quarter of the bond, by the fraudulent representations of the defendant, that a third person was entitled to it, and that he would not relinquish his interest for a less sum than one thousand dollars.

It appears by the testimony, that the plaintiff paid the money for the quarter of the bond, and that the quarter was assigned to him by the defendant, the plaintiff having become by a previous arrangement, the owner of one half of the same bond. The defendant relinquished to the plaintiff his title to one quarter of the bond, but falsely represented that the price paid to him, really belonged to another.

The action, being for money had and received, cannot be maintained, under the facts exhibited, without a recission of the contract. And to effect that purpose, it was incumbent on the plaintiff to have re-assigned to the defendant the quarter of the bond, and what he had obtained by virtue of it, before the commencement of his action. It is a well established principle, that where a party to a contract, obtained by fraud, would rescind it, he must restore whatever he has obtained by it.

The action cannot be maintained upon the evidence introduced by the plaintiff, and the nonsuit was properly ordered.

*Nonsuit confirmed.*