THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILWAY COMPANY *v.* HAYES.

In an action to recover damages for personal injuries, it appearing that the parties had, before the action was brought, agreed upon a settlement under which plaintiff received a sum of money in satisfaction of his injuries, and in which he released all right of action for further damages, he could not successfully reply by showing that the agreement of release was obtained by defendant's fraud, without also showing that before commencing suit, he had tendered to the defendant the sum received with demand of return of what defendant had received from him, thus rescinding the settlement.

October 28, 1889.

Railroads. Damages. Accord and satisfaction. Fraud. Contracts. Rescission. Tender. Before Judge VAN EPPS. City court of Atlanta. June term, 1889.

Reported in the decision.

BACON & RUTHERFORD and P. L. MYNATT, for plaintiff in error.

ALEXANDER & TURNBULL, contra.

BLANDFORD, Justice.

The defendant in error brought his action in the court below against the plaintiff in error to recover damages for injuries which he alleged he had received by reason of the carelessness and negligence of its servants and agents. To this action the defendant pleaded the general issue, and accord and satisfaction, in this, that before the commencement of the plaintiff's action, the plaintiff and defendant had agreed upon a settlement, by which the plaintiff was to receive and did receive $100 in satisfaction of any injury which he had received from the defendant, and by which he released all right of action for any damages which he had theretofore received by reason of the carelessness and negligence of the agents and servants of the defendant company. Issue having been taken upon this plea, testimony was introduced by the plaintiff in the court below tending to show that this agreement of settlement set out in the plea of accord and satisfaction, was obtained from him by the fraud of the plaintiff in error; to which evidence thus offered the defendant objected. The objection was overruled and the defendant excepted, and assigns error thereon.

Many are the grounds of exception taken by the plaintiff in error to the rulings and decisions of the court below, but the main question in this case is, could the action be maintained on the part of the defendant

in error without showing that this contract of settlement pleaded in accord and satisfaction, had been rescinded before the commencement of the action ?

Fraud avoids all contracts.  Code, §2751.  Fraud, as a general rule, vitiates all contracts.  *Coffee* v. *Newsom,* 2 *Ga.* 442.  While fraud may vitiate or avoid all contracts, the contract is nevertheless not void, but voidable only, at the instance of the person defrauded.  He who perpetrates the fraud cannot avoid the same or vitiate it on account of his own conduct.  It may be a good contract until it is avoided by the action or at the instance of him who is defrauded.  Though because of the fraud, the injured party may in certain cases terminate it and require a restoration of the *status quo,* in technical language the contract is said to be voidable, not void.  Bigelow on Fraud, 73-4.  Something must be done by the party defrauded before the contract can cease to bind.  When that something has been done, and the engagement has been terminated, the contract is said to have been rescinded, and the process by which this result is effected is called rescission.  *Id.* 74.  A contract may be rescinded, out of court, at the instance of the party defrauded, where an agreement has been made and something of value has been received by the defrauded party, whether vendor or purchaser it matters not.  This must, before suit, be tendered back to the wrong-doer in the name of rescision, with demand of return of what the wrong-doer has received.  The object of the tender is to effect a restoration of the *status quo,* and in this class of cases it is a condition precedent to rescission.  *Id.* 75.

In the case of Gould *v.* Cuyahoga National Bank, 86 N. Y. 75, the Court of Appeals of New York held that one who seeks to rescind a compromise of a disputed claim, on the ground of fraud, must promptly on the discovery of the fraud restore or offer to restore to the

·other party whatever he has received by virtue of it if of any value. The tender must be without qualifications or conditions. In that case the action was to recover damages for the breach of an agreement made to return to the plaintiff in that case certain bonds loaned by him to the bank; and a compromise agreement was entered into whereby the bank agreed to pay to the plaintiff in satisfaction of its claim against it a certain sum of money, and paid it, which was accepted in satisfaction of the claim of the plaintiff against the bank for the bonds loaned. It was further held in that case that the compromise agreement, unless annulled, is an absolute bar to the action. See also case of Cobb v. Hatfield, 46 N. Y. 533, in which it was held that a party cannot retain anything he received under the contract and yet proceed in disaffirmance thereof. In Evans v. Gale, 17 N. H. 573, the court held that "if one has been induced to make a contract to pay money or to deliver anything, by such means that he is entitled to rescind the transaction, he must, in order to do so, first restore to the other party whatever may have been received in exchange for the money or other thing he seeks to recover back, and to which he would become entitled as his own property immediately upon the rescission of the act, whose proper effect would have been to vest it in the other party." It was held by Chief Justice Shaw, in Thayer v. Turner, 8 Metc. 550, that "the plaintiff, as far as it is in his power, shall put the defendant in statu quo, by restoring and revesting his former property in him, without putting him to an action to recover it, before he can exercise his own right to take back the property sold, or bring an action for it." See also like cases, Kimball v. Cunningham, 4 Mass. 502; Pierce v. Wood, 3 Foster (N. H.), 559. So it appears in this case that a return of the money or an offer to return received by the plaintiff from the defend-

v 83-36

ant, is part of the act of rescission, and so long as the contract remains unrescinded, it binds both parties, and the defrauded party has no case of action for the property or consideration parted with or released under the fraudulent contract, until the contract has been rescinded. In other words, he must show that he had a cause of action when he commenced his action. See Tisdale *v.* Buckmore, 33 Me. 461; Stevens *v.* Hyde, 32 Barb. 171.

This is not an action on the part of the defendant in error to rescind the contract, either at law or in equity, but it is an attempt on his part to recover damages which he has, by virtue of his contract of settlement, released to the plaintiff in error. It is clear that the contract or agreement of settlement between these parties is binding upon the plaintiff in error, and could not be rescinded or set aside at its instance. If it is binding on one side, it must be binding on the other side, so long as the same exists. It did exist at the time this action was brought. It never had been rescinded, and consequently, while it bound the plaintiff in error, it must of necessity have been binding upon the defendant in error. There are exceptions to the general rule as stated, but the present case falls within the rule stated, and not the exceptions thereto. Besides the cases cited in support of this rule, see further the Oswego Starch Factory *v.* Landrum, 57 Iowa, 573. See also Doane *v.* Lockwood, 115 Ill. 490, and cases referred to in the authorities cited.

As it fully appears in this case that before the commencement of the present action, there had been no rescission of the contract of settlement, if the authorities cited can be relied on, it must follow that this action cannot be maintained. So we think that the objections to the evidence offered by the defendant in error to show fraud in the procurement of the agree-

ment of settlement should have been sustained by the court, and that the exceptions to the charge of the court as to this settlement and agreement were well-taken, and that the same was error. It is unnecessary to notice any other assignment of error in this record.

*Judgment reversed.*