EUGENE HEMSTREET, Respondent, *v.* CORNELIUS HURLEY, Appellant.

(County Court, Oneida County, October, 1897.)

Replevin — Fraud — Rescission — Restoration.

> A contract, made between a third party and the defendant by which the former let the latter have ten sheep to double in four years, accompanied by no stipulation that the same sheep were to be returned, whether a sale or a bailment, makes the right of the third party to reclaim the sheep doubtful; and where the defendant, without disclosing this arrangement, subsequently trades the sheep to the plaintiff for a cow, and the plaintiff upon learning of the arrangement, of his own motion, returns the sheep to the third party, and so puts it out of his own power to surrender them to the defendant, the latter may, where the plaintiff attempts to rescind for fraud, properly refuse to return the cow to the plaintiff, as one who attempts to rescind a contract upon the ground of fraud must restore what he has received.

THIS is an appeal from a judgment rendered by a justice of the peace of the town of Forestport, for the possession of a cow, for $6.50 damages for the detention thereof and $10.25 costs. The action was in replevin. It appears from the evidence that in the fall of 1895, one John Neejer let the defendant have ten sheep to double in four years, and it does not appear from the evidence that there was any specific agreement between Neejer and the defendant that the same sheep were to be returned. On May 19, 1896, the defendant traded the sheep to plaintiff for a cow without disclosing the nature of the arrangement between him and Neejer in regard to the sheep. After the exchange plaintiff learned of the nature of the contract between Neejer and defendant and assumed that the sheep belonged to Neejer, and without seeing the defendant about it drove the sheep to Neejer's and delivered them to him and then went to the defendant and demanded the possession of his cow. The defendant refused to deliver the cow and this action was brought for her possession. There was practically no dispute about the facts upon the trial.

George E. Pritchard, for appellant.

B. A. Capron, for respondent.

DUNMORE, J.  The courts have frequently held that a contract in the nature of the one which existed between Neejer and the defendant is a sale and not a bailment.  In Reed v. Abby, N. Y. Sup. Ct. Rep., 2 T. &. C. 380, under a somewhat similar contract the defendant had disposed of the sheep delivered and an action was brought by the plaintiff for a conversion of the sheep.  In that case the contract was as follows:

"ALBION, *July* 8, 1869.

"I have this day taken of Abby E. Reed, twenty-nine sheep and twelve lamb to be returned on the first of September, 1871, in consider of one ℔ of wool per head annually, said sheep to be returned as good, in as good condition and age as when taken."

" GEORGE HICKS."

At page 382, the court says:  "The language in the present case is that the sheep are to be returned as good and in as good condition and age as when taken.  The sheep were let for two years and a quarter.  It is manifest that these same sheep could not be returned in as good age after the expiration of that time as when taken.  The use of the expression 'to be returned' in such contracts does not necessarily mean that the identical thing referred to is to be returned.  It is not uncommon to use this expression when it is not understood that the identical thing is to be returned but when, on the contrary, it is understood that the thing borrowed is to be consumed but replaced at a future time with similar articles.  If the intention of the contract was that the identical sheep leased were to be returned, then the stipulation in respect to their age was wholly absurd.  * *  * On the whole, we think the referee interpreted the contract correctly, namely, that the intention of the agreement was that Hicks would at the end of the term deliver to the plaintiff the same number of sheep and lambs of as good quality, in as good condition and of substantially the same age as those he received. If this be the true interpretation of the agreement then the legal title passed to Hicks and the purchase by the defendant from Hicks and the subsequent sale by the defendant did not constitute a wrongful conversion."

The same rule was established in Hurd v. West, 7 Cow. 752.

It does not appear whether the agreement in this case was oral or written nor what the exact terms of the agreement were.  It is, therefore, not necessary to determine, nor is sufficient data presented so that I can properly determine whether in this case the action was a bailment or a sale, but in any event there was sufficient

doubt as to the right of Mr. Neejer to have possession of the sheep to justify the defendant in requiring the return of the sheep to him before the plaintiff should be permitted to recover possession of the cow. In other words, the plaintiff having made the exchange he had no right to return the sheep in question to Neejer without the defendant's consent and before recovering the possession of his cow.

Plaintiff sought to rescind the contract on the ground. of fraud and it was, therefore, his duty to restore whatever he had received under the contract to the defendant before he was entitled to recover back the property which he had delivered to defendant. This is a rule which has been many times adjudicated in this and other states.

In Gould v. Cayuga County National Bank, 86 N. Y. 75, the court quoting from and indorsing the rule established in Evans v. Gale, 17 N. Y. 573, states the rule as follows: "If one has been induced to make a contract to pay money or deliver anything by such means that he is entitled to rescind the transaction, he must, in order to do so, first restore to the other party whatever may have been received in exchange for the money or other thing he seeks to recover back, and to which he would become entitled as his own property immediately upon the rescission of the act, whose proper effect would have been to have vested in the other party. The reason of the rule as stated by Chief Justice Shaw in Thayer v. Turner, 8 Metc. 550, is that plaintiff, as far as it is in his power, shall put the defendant in *statu quo* by restoring and revesting his former property in him, without putting him to an action to recover it, before he can exercise his own right to take back the property sold, or to bring an action for it. And as stated by Chief Justice Parsons in Kimball v. Cunningham, 4 Mass. 502, the vendee shall not compel even the fraudulent seller to an action to recover back the property he has parted with in the exchange. The effect of the avoidance of an agreement on the ground of fraud is to place the parties in the same position as if it had never been made; and all rights which are transferred, released or created by the agreement are revested, restored or discharged by the avoidance."

The same rule substantially was established in Francis v. New York & Brooklyn El. R. R. Co., 108 N. Y. 93; Lee v. V. O. Co., 126 id. 579.

The above cases are sufficient to illustrate the rule. If the plaintiff discovered that the defendant had been guilty of any

fraudulent act in the exchange of the sheep for the cow and he desired to rescind the contract, it was his duty first upon the discovery of fraud to restore or to offer to restore the sheep to defendant so as to place the defendant in the same position that he was in before the exchange was made. By delivering the sheep to Neejer if the plaintiff was then allowed to recover his cow from the defendant, the defendant might be put to the trouble of an action to recover from Neejer the sheep which, perhaps, the defendant owned.

For the reasons above stated the appellant is entitled to an order reversing the judgment of the justice and directing a restoration of the property to the defendant, together with the costs of this appeal.

Judgment accordingly.