## HOFFMAN v. WILSON.

### (Circuit Court of Appeals, Third Circuit. May 27, 1904.)

### No. 15.

1. TROVER—RIGHT TO MAINTAIN—CORRELATIVE DUTIES.

Plaintiff was evicted from a house occupied by her as a boarding house under a judgment for possession recovered by defendant, who took possession of her furniture therein. From certain of the bedrooms she had removed furniture owned by defendant and substituted her own. *Held*, that she could not maintain trover for any part of her own furniture until she had returned or offered to return that owned by defendant.

Acheson, Circuit Judge, concurs so far as relates to the articles substituted for those of defendant, but dissents as to the remainder.

In Error to the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 123 Fed. 984.

C. L. Cole, for plaintiff in error.

Geo. J. Bergen, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This writ of error has brought up the record in an action of tort in which Effie C. Wilson was plaintiff and Samuel D. Hoffman and Francis A. Canfield were defendants. The plaintiff declared in trespass, and also, by separate count, in trover. It appeared, however, that the charge of trespass could not be sustained, and that a joint conversion by the two defendants could not be established. Hence the case was properly tried as one of trover merely, and as against Samuel D. Hoffman only. The chattels alleged to have been converted consisted of household goods, which were contained in a house in Atlantic City, N. J., known as "Hawthorne Inn." The plaintiff below had been put in possession of this house by a certain Mrs. Hartley under an agreement between them, the particulars of which are unimportant. An action of ejectment for its possession was then pending by Hoffman against Mrs. Hartley, in which Hoffman subsequently obtained judgment, and upon execution on that judgment Effie C. Wilson was evicted. Prior thereto she had removed five suites of Hoffman's bedroom furniture from the house, and had put other furniture in their place; and for the latter, although she had not restored the former, she was allowed to recover. But, in our opinion, these facts were, as to the whole case, conclusive against her. Trover will not lie for anything which the plaintiff has not the immediate right to possess, and one who has not only voluntarily placed her goods upon the land of another, but has also taken therefrom goods of the landowner, has no right to reclaim her own without returning his. The question is not as to whether one trespass or conversion may be set off against another. It may be conceded that this cannot be done; but the law of torts deals with duties and rights as correlates, and to us it seems clear that the return of the defendant's goods was a duty which the plaintiff was bound to dis-

charge before she could lawfully demand those which belonged to herself. In Kimball v. Cunningham, 4 Mass. 502, 3 Am. Dec. 230, it was said that where an exchange of chattels has been made in execution of a contract voidable for fraud, the innocent party to it cannot maintain trover for anything delivered by him while he still retains any part of the consideration he received; "for he shall not compel even the fraudulent seller to an action to recover back the property he has parted with in the exchange." We adopt this statement of the law. It was pertinent to the case in which it was made, and, a fortiori, it is applicable to this one, for the defendant below had not consented to part with anything, and had perpetrated no fraud. His goods were taken by the plaintiff without his knowledge, and no wrong whatever was committed by him. This, it is true, gave him no right to keep what belonged to her, but the duty to relinquish what could not lawfully be retained was reciprocal, and therefore the fulfillment of that duty upon her part was essential to the existence of the right, necessarily asserted by her, to immediately possess the chattels of which she alleged she was wrongfully deprived. The situation presented is simply this: The defendant in error, during her occupancy of the locus in quo under a claim of title which the judgment in ejectment determined to be invalid, took therefrom goods of the owner of the premises and placed goods of her own thereon. This proceeding cannot be otherwise regarded than as one continuous and indivisible transaction, and therefore we are of opinion not only that she was debarred from recovery with respect to the furniture which she may have intended—but without Hoffman's assent—to specifically substitute for the furniture she removed, but that the return of the latter was requisite to the maintenance of trover for any part of the chattels to which the action related.

The second specification avers that the Circuit Court erred in overruling the motion of the defendant below for binding instructions in his favor, and, as the views we have expressed sustain that specification, they completely dispose of the case, and no other of the errors assigned need be considered.

The judgment is reversed.

ACHESON, Circuit Judge (concurring in part, but dissenting in part). I concur in the view that as to the five suites of bedroom furniture the plaintiff below was not entitled to recover. Having taken away the defendant's five suites of bedroom furniture, and substituted therefor five other bedroom suites of her own, Miss Wilson (the plaintiff) is to be held to have sanctioned the use by Hoffman (the defendant) of the substituted suites of furniture until she returned his suites, or at least offered to return them. Not having done this, the plaintiff was in no position to demand possession of the bedroom suites. Therefore quoad hoc a defense was shown. But I am not able to see by what rule of law or upon what just principle the defendant could retain the other separate and distinct personal property belonging to the plaintiff against her demand merely because of her action in respect to the bedroom fur-

niture. Except that the five bedroom suites of furniture and the plaintiff's other goods were upon the Hawthorn Inn premises, there was no connection whatever between the two sets of chattels. They differed in kind, use, particular location, and value. The case cited by my learned associates to sustain their conclusion (Kimball v. Cunningham, 4 Mass. 502, 3 Am. Dec. 230) arose out of a contract for the exchange of chattels. There the plaintiff's action rested upon his right to rescind the contract for fraud. He failed in his action because he had retained part of the consideration he had received in the exchange. The court held that, if he elected to rescind, he must disaffirm the whole contract, returning the entire consideration he had received. I submit that the principle of the case is not applicable here, and that nothing the court there said is pertinent to the facts of the present case.

I am for reversing the judgment of the court below not only upon the assignment respecting the bedroom suites, but also upon other assignments touching the admission of evidence and the instructions as to what constituted conversion, but I would reverse, with the award of a venire facias de novo.