## HILLYER *v.* ROBINSON.

Where in a controversy between the representative of the estate of a decedent and another the latter admits that he is indebted to the estate, and the representative of the estate contends for a larger sum, and both parties by way of compromise and settlement of their conflicting contentions enter into an agreement for its effectuation, authority from the court of ordinary is sought and obtained, and the amount agreed upon is paid over to the representative of the said estate, the latter can not subsequently, without paying back at least such an amount as was in excess of the admitted indebtedness, maintain a suit to recover from the party indebted to the estate another amount which she insists represents the true amount of the indebtedness to the estate of her intestate, although such representative was induced to execute the compromise agreement by the fraudulent representations of the debtor as to the true amount of his indebtedness to the estate.

        JUNE 23, 1911.

Equitable petition. Before Judge Bell. Fulton superior court. May 16, 1910.

Mrs. W. E. Robinson, administratrix of the estate of her deceased husband, W. E. Robinson, brought an equitable petition against Shaler L. Hillyer, to recover a certain sum which she claimed as due by the defendant. Petitioner alleged that at the time of the death of her husband there were outstanding two policies of insurance on his life, aggregating the sum of $5,000; that prior to his death he had assigned these policies to the defendant

in terms which authorized him to collect from the insurance company the full amount which might become due on the policies upon the death of Robinson, and out of the money so received to retain for his (defendant's) own use the amount of any indebtedness of Robinson to the defendant, and to pay over the balance to the beneficiary named in the policies, which was the estate of the deceased; that Robinson died in August, 1908, and shortly thereafter the insurance company paid over the sums due on the policies to the defendant; that it was not until after the death of her husband that petitioner learned that these policies had been assigned to the defendant to secure an indebtedness of the deceased, and on offering to adjust this indebtedness she was informed by the defendant that her husband owed him $3,696, represented by 14 promissory notes; and that, believing the representations of the defendant to be true, petitioner agreed to settle this indebtedness for the sum of $2,460, thereby, as she believed, saving for the estate the sum of $2,000. Petitioner charges that the representations of the defendant as to her husband's indebtedness to him were false and fraudulent, and made for the purpose of defrauding her and her children out of a large sum of money; she charges that at the time of signing said notes her husband was induced to sign the same without any consideration other than certain small sums of money advanced to him, and that the entire indebtedness to the defendant, both for money advanced and premiums paid on the policies, did not in fact exceed the sum of $500, and that the taking of the notes for the several amounts, one being for the sum of $3,000, "was a scheme and effort to enforce fraudulently a usurious contract, . . and defendant was thus enabled to collect and did collect from the estate usury to the amount of $1,850." Petitioner charges that "to further cloak his deceit and fraud said Hillyer caused your petitioner to file in the court of ordinary of said State and county a petition to authorize said settlement, a copy of which is hereto attached," and that the ordinary, upon these false representations (innocently made by petitioner), approved said settlement. Petitioner prays that this judgment of the court of ordinary confirming the settlement be set aside, and that she have judgment against the defendant for the sum of $1,850.

The defendant filed a general and a special demurrer, which were overruled, and he excepted.

*Kontz & Austin* and *Alexander & Candler,* for plaintiff in error.
*Jackson & Orme,* contra.

BECK, J.   We are of the opinion that the court below erred in not sustaining the general demurrer to the petition in this case. There are no facts alleged in the declaration which take the case without the ruling made in the case of *East Tennessee, Virginia and Georgia Ry. Co.* v. *Hayes,* 83 *Ga.* 558 (10 S. E. 350).   Upon the showing made by Mrs. Robinson in her petition, a large part of the sum which she received from Hillyer, the defendant in error, was paid over to her to effectuate a compromise agreement between her and Hillyer; and while under the allegations in the petition she was induced to enter into the agreement referred to by fraud upon the part of the other party, and under such circumstances and representations as render the agreement voidable and one which she would have the right to rescind, before she can exercise her right to have that agreement rescinded and set aside, something must be done by her, that is, she must restore the status quo as it existed previously to the making of the agreement under which she received the sum of $2,460.   In her petition to the court of ordinary, for authority to make the settlement between herself and Hillyer, she represented to that court that she was saving for the estate some · $2,000.   In other words, a controversy existed between her and Hillyer as to the amount which Hillyer was due the estate of her deceased husband.   She believed the amount so due to be larger than the amount admitted by Hillyer.   Her contentions and those of Hillyer were in conflict.   They agreed upon a settle-. ment.   Authority to make that settlement was granted by the court of ordinary.   Before that settlement and compromise can be rescinded and set aside, under the ruling in the case above referred to, at least the amount in excess of what Hillyer admitted to be due the estate of Robinson, deceased, would have to be restored. The case which we have cited above, and other decisions of this court which might be cited, in addition to those cited in the *Hayes* case, are conclusive against the defendant in error upon the question involved in this case.   The discussion in the case last referred to and the reasons stated, together with the authorities cited in that decision, render further discussion of the question here unnecessary.                    *Judgment reversed.   All the Justices concur.*