FOURTH DISTRICT—MAY, 1915.          77

Mitchell v. Louisville & Nashville R. Co., 194 Ill. App. 77.

## Charles Mitchell, Appellee, v. Louisville & Nashville Railroad Company, Appellant.

1. COMMERCE, § 4*—*when employee engaged in interstate.* An employee is engaged in interstate commerce when he is directly engaged in work on some of the instrumentalities of interstate commerce, such as repair of the road, cars, engines or trains, or in recovering trains engaged in interstate commerce.

2. COMMERCE, § 4*—*when railroad clerk not engaged in interstate.* A railroad clerk, who is injured on railroad tracks while on his way to awaken a train crew which was to take a train from one point in the State to a point in another State, is not directly engaged in interstate commerce, although he expected later to engage in a task which would have been one of interstate commerce.

3. COMMERCE, § 4*—*what is test for determining employment in interstate.* The true test as to whether an employee of a railroad company is engaged in interstate commerce is the nature of his duties at the time of his injury.

4. TRIAL, § 198*—*when peremptory instruction should be granted.* A request for a peremptory instruction as to what constitutes interstate commerce raises the question as one of law, and should be granted where there is no dispute as to the facts.

5. EVIDENCE, § 32*—*when understanding of law presumed.* The law presumes that every one in transactions free from fraud or duress understands the law under which he is dealing.

6. COMPROMISE AND SETTLEMENT, § 11*—*when favored.* The law favors the settlement of litigation.

7. WORKMEN'S COMPENSATION,—*when release bars recovery under Federal Employers' Liability Act.* Acceptance of compensation under the Workmen's Compensation Act of Illinois of 1911 (J. & A. ¶¶ 5449-5475), and the execution of a release after an injury, is a bar to any action under the Federal Employers' Liability Act of 1908, in the absence of proof that the release was not fairly entered into.

8. MASTER AND SERVANT, § 302a*—*when ordinance not a statute within Federal Act.* A municipal ordinance is not a statute within the meaning of the Federal Employers' Liability Act of 1908.

9. MASTER AND SERVANT, § 302a*—*when risk assumed under Federal Employer's Liability Act.* The defense of assumed risk remains and is available under the Federal Employer's Liability Act of 1908.

10. MASTER AND SERVANT, § 388*—*when assumption of risk bars*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*recovery.* One knowing and appreciating danger and voluntarily assuming the risk of it has no right of action against the one responsible for damages.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed May 1, 1915.

JAMES M. HAMILL and CHARLES P. HAMILL, for appellant.

DAN McGLYNN, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

Appellee brought in the city court of East St. Louis an action in case and filed a declaration consisting of two counts, each of said counts predicated upon the violation of the Federal Employers' Liability Act of 1908 for injuries sustained by appellee August 4, 1912, while a yard clerk employed by appellant in East St. Louis. The damages alleged in each count, $10,000.

The first count charged appellant was negligent in the violation of two ordinances of the city of East St. Louis, which forbade the kicking of cars across any public street of the city and the blocking of any street by empty cars for more than ten minutes.

The second count charges appellant was negligent in the handling of its cars in violation of the Act of Congress of April 22, 1908, the injury alleged in both counts being the mashing of the foot so that amputation of a part of the foot became necessary, the injury thereby painful and permanent.

A special demurrer was filed to this declaration and overruled. Appellant then pleaded the general issue and four special pleas. A demurrer was sustained to the special pleas. The trial upon the declaration and general issue resulted in verdict for appellee. Motion

by appellant for new trial overruled; judgment for appellee for the sum of $1,850; and this appeal.

The facts in so far as they are to be considered by this court are not in dispute and, in substance, are, as follows:

Appellee had been employed as a yard clerk from about February, 1912, until time of accident, and prior to that time had been a caller of train crews from November, 1911. At the time of the trial in March 1914, he was 23 years of age. His duties as yard clerk were to take a record of the numbers and seals of all incoming and outbound trains in appellant's St. Louis avenue yards, East St. Louis. It was also his duty to call train crews when directed to do so, which would be about once a week. On the night of the accident August 4, 1912, appellee had been engaged in his usual duties of taking seal records, and about two o'clock in the morning he met the night yard master and informed him that the caller did not know that train No. 63 was ordered. The yard master directed him to call the crew himself. The crew were asleep in a caboose 75 feet west of where appellee and yard master were standing. Appellee started in the direction of the caboose and when he reached track No. 11 he found it blocked with cars extending across and on both sides of the crossing, St. Louis avenue, on which he was walking. He could not see how far the cars extended in either direction on account of the darkness. He climbed between two cars which were coupled and while he was doing so they were pushed together, catching his right foot between the steel bumpers and crushing it. The appellee knew that there was an engine at work down near Missouri avenue, a block from where he was injured, and that cars were being shoved towards St. Louis avenue; that these cars extended for about thirty cars' length north of St. Louis avenue and from one and one-half to two and one-half cars' length south of the same avenue. The crew did not know of

appellee's whereabouts at the time he was injured.
The cause of the bumping together of the cars was
the kicking in of a car from the south against the cars
already south of the crossing. St. Louis avenue
crosses St. Louis avenue yards. At this crossing there
are ten tracks. Train No. 63 was being made up on
track No. 8. It was destined from East St. Louis, Illi-
nois, to Howell, Indiana. It was to leave at three
o'clock A. M. All the toes of the right foot of appellee
were crushed and afterwards amputated, and he re-
mained at the hospital until the 16th day of November,
1912.

That appellee and appellant had accepted and were
under the Illinois Workmen's Compensation Act of
1911 (J. & A. ¶¶ 5449-5475), and that appellee had
accepted three different payments of amounts due
him as compensation under the act and had signed
vouchers stating that the payments were so made.

Numerous errors are assigned and argued by ap-
pellant for a reversal of the judgment in this case.
However, from the view we take of the law as applied
to the facts in this case, it would serve no good purpose
to extend this opinion into a discussion of more than
three of the errors argued:

First: The plaintiff, appellee, at the time he re-
ceived his injury was not engaged in interstate com-
merce.

Second. Acceptance of compensation under the
Workmen's Compensation Act of Illinois (1911) after
the injury is a bar to any action under the Federal
Employer's Liability Act.

Third. A municipal ordinance is not a statute with-
in the meaning of the term in the Employers' Liability
Act of April 22, 1908, and the violation of such an or-
dinance does not take away the defenses of assumed
risk and contributory negligence which exist under the
act.

The first proposition under the law and the declara-

tion in this case is clear enough: First, that appellee was at the time of the injury engaged in interstate commerce, and that there was a violation by appellant of that act. The appellee recognizes that to recover under his declaration he must be held to be engaged at the time of the injury in interstate commerce and as to what he, appellee, was at the time doing is not in dispute, so it leaves the application of the law to the facts: "Appellee was in the act, while in the employ of appellant at its yards of East St. Louis, of awakening a train crew, who were to take train No. 63 upon its journey from East St. Louis to Howell, Indiana."

The courts have been liberal in the application of the law as to when employees are engaged in interstate commerce within the meaning of the act in question. The employee must be engaged in work on some of the instrumentalities of interstate commerce. If this is his employment, it makes no difference how important or how unimportant it may be or whether he is at the time actually driving the nail or handling that particular car. *Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146, 3 N. C. C. A. 779.

However, on the other hand, in so far as we have examined the authorities, the employee must at the time have something to do in furthering interstate commerce either in the repair of the road, cars, engines or trains, or moving trains, engaged in interstate commerce. It has never been held that because some one gave orders or directions to those so engaged that he was himself engaged in interstate commerce because he gave such orders. The connection with interstate commerce must be direct and not indirect or remote. *St. Louis, S. F. & T. Ry. Co. v. Seale*, 229 U. S. 156.

The case of *Lamphere v. Oregon R. & Nav. Co.*, 196 Fed. 336—One employee killed while on the railroad company's right of way and while on his way to act as fireman on an interstate train cited by appellee,—is a case to be considered in deciding the case at bar, and

while it probably represents the extreme upon this proposition it is not a parallel case. The court in that case based its decision upon the ground: that the deceased was killed while on his way to work "under the direct and peremptory command of the railroad company to do a designated and specific act * * * to wit, to move a train then engaged in interstate commerce. He was on the premises of the railroad company and in the discharge of his duty."

The court reached the conclusion that he was in the discharge of his duty when he met his death. What was the duty? Moving a train engaged in interstate commerce. The law is laid down by the Supreme Court in the case of *Illinois Cent. R. Co. v. Behrens*, 233 U. S. 473, as applicable to the case at bar in the following language: "That he was expected, upon the completion of that task, (the hauling of intrastate freight), to engage in another which would have been a part of interstate commerce, is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury."

Appellee had no direct connection with interstate commerce. His duties were local and in no way connected with the interstate commerce. Call the men that were to perform those duties. If this is a part of interstate commerce every employee of a railroad company, no matter who he is, who directs the men so engaged comes within the law. This construction carried into all of these positions would defeat the intention and purpose of such a statute. Appellee was not engaged at the time of the injury in interstate commerce and under his declaration could not recover.

There was no disputed facts in evidence and no room for two conclusions from those facts under the law as declared in the case of *Illinois Cent. R. Co. v. Behrens, supra.* The request for the peremptory instruction raised the question as one of law and should have been given. *Patry v. Chicago & W. I. R. Co.,* 265 Ill. 310.

The second proposition, the acceptance of compensation under the Workmen's Compensation Act of 1911: The law presumes that every one in transactions free from fraud or duress understand the law under which they are dealing, and favors the settlement of litigation. Admitting that, if appellee and appellant were under the Federal Liability Act, the Federal act would be exclusive and have the entire field unless some reason appeared to the contrary, and the court has a right to consider what appellee did in signing a release and what appellant did in paying compensation as a circumstance showing the construction the parties themselves put upon the facts. It is urged by appellee that he should not be bound by what he did because it was done under a mistake of law. It is facts that determine whether or not appellee was engaged in commerce between States, and having determined the facts in this regard against the contention of appellee, the ground for rejecting this evidence and that appellee should not be held to his settlement for compensation is removed.

This is a release after injury for a good consideration, and in the absence of proof that it was not fairly entered into is binding upon the parties, and a bar to an action for damages. *Pennsylvania Co. v. Chapman*, 220 Ill. 433. Appellee cannot reject the act and still retain its advantages upon well-known principles of contract law. *Pawnee Coal Co. v. Royce*, 184 Ill. 402.

The third proposition, that the violation of a municipal ordinance is not the violation of a statute and notwithstanding the violation of an ordinance does not take away the defense of assumed risk: A municipal ordinance is not a statute within the meaning of the Employers' Liability Act. *Seaboard Air Line Ry. Co. v. Horton*, 233 U. S. 492, 8 N. C. C. A. 834. The defense of assumed risk remains and is available under the Federal act. The law is well settled that one knowing and appreciating danger, and who voluntarily assumes the risk of it, has no right of action against the one re-

84 Appellate Courts of Illinois.

Mitchell v. Louisville & Nashville R. Co., 194 Ill. App. 77.

sponsible for the danger. *Streeter v. Western Wheeled Scraper Co.*, 254 Ill. 244, 1 N. C. C. A. 828.

Appellee not only assumed the ordinary risks incident to his employment but also all dangers which are obvious and apparent. It was therefore error for the court to refuse the instructions on the question of assumed risk, and with no dispute as to the facts as to appellee voluntarily placing himself in a place from his experience he well knew was dangerous that defense should bar a recovery.

We are of opinion that the errors herein sustained are not only reversible errors but the facts in this case not being in dispute a second trial would serve no good purpose, therefore the reversal should be with a finding of fact and without remanding.

It is therefore ordered that the judgment be reversed with the following as a finding of fact to be made a part of the judgment:

First. We find as a fact that appellee, at the time of the injury, was not engaged in interstate commerce.

Second. We find as a fact that at the time of the injury, appellant and appellee were operating under the Workmen's Compensation law of the State of Illinois of 1911 (J. & A. ¶¶ 5449-5475), and that appellee accepted and appellant paid compensation thereunder, and such a settlement is a bar to a recovery in this case.

*Reversed with finding of fact.*