## PATTON v. ATCHISON, T. & S. F. RY. CO.

No. 6557—Opinion Filed June 13, 1916.

(158 Pac. 576.)

### Master and Servant—Injuries to Servant—Settlement—Validity.

A contract between a railroad company and an employee, engaged in interstate commerce, for the settlement of a claim by such employee under the Federal Employers' Liability Act for injuries received by such employee, entered into after the accident, from which the injuries resulted, has occurred, is not void as being in conflict with sec. 5 of the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, sec. 8661]), which provides that: "Any contract, rule, regulation or device whatsoever, the

purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall, to that extent, be void."

(Syllabus by Rummons, C.)

Error from District Court, Woodward County; James W. Steen, Judge.

Action by C. S. Patton against the Atchison, Topeka & Santa Fe Railway Company. From an order overruling a demurrer to the answer, plaintiff brings error. Affirmed.

H. W. Patton and Chas. R. Alexander, for plaintiff in error.

Cottingham & Hayes, Charles Swindall, and Chas. H. Woods, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Woodward county by the plaintiff against the defendant, to recover for injuries received by him while engaged in interstate commerce in the employ of the defendant. The action is based upon the Federal Employers' Liability Act. The defendant answered the petition of plaintiff, setting up several defenses. The fourth defense set out in the answer alleged that, after the date of the alleged injuries, the plaintiff and the defendant made a settlement of plaintiff's claim for damages, and that the defendant paid the plaintiff $100, which was accepted and received by plaintiff in full settlement of his claim for damages against the defendant. The plaintiff demurred to the fourth defense set up in defendant's answer, which demurrer was by the court overruled. Plaintiff excepted to the order of the court, and brings this proceeding in error to reverse the same.

Defendant attached to its answer a copy of the receipt and settlement agreement alleged to have been signed by the plaintiff. We do not deem it necessary to set out in this opinion the receipt and settlement agreement, as it is the ordinary form used by railroad companies in the settlement of damage claims. Plaintiff contends that the fourth defense set up in the answer of defendant does not constitute a defense to the action of plaintiff, for the reason that it is in contravention of section 5 of the act of Congress of April 22, 1908 (35 Stat. 65) known as the Federal Employers' Liability Act. Section 5 of that act is as follows:

"Sec. 5. That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void: Provided, that in any action brought against any * * * common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action is brought."

It is urged by the plaintiff that this settlement pleaded by the defendant is a "contract, rule, regulation, or device," the purpose of which is to enable the defendant to exempt itself from the liability created by the act, and therefore of no effect. Counsel for plaintiff have cited several cases in which indemnity and voluntary relief contracts, whereby the employee of a railroad company binds himself to release the railroad company from liability for any injuries that he may sustain in its service by participation in and acceptance of the benefits of the indemnity or voluntary relief, have been considered and held to be in contravention of section 5 above quoted, but no case is cited in which the precise question presented by the plaintiff has been considered, nor do we think any such case has arisen. The contract or settlement involved in this case was made after the accident occurred and the liability of defendant arose. It was not, as in the case of indemnity and voluntary relief contracts, made in anticipation of possible injury. It does not purport to relieve the company from any liability. In fact it recognizes the liability of the company, and is a liquidation of the damages sustained by the plaintiff and a settlement of the amount thereof. No question can arise here as to the adequacy of the sum paid by defendant in settlement of its liability or as to the fairness and justness of such settlement. The sole question is whether or not the settlement is invalid and of no effect. If the contention of plaintiff that such a settlement is in conflict with the Federal Employers' Liability Act be true, every injury to a railroad employee falling within the terms of that act must inevitably be brought to the courts for settlement, for if settlement in the sum of $100 be invalid, one in the sum of $10,000 would be equally so. To hold with the plaintiff would be to preclude the possibility of any settlement between the injured employee and the railroad company out of the courts.

The plaintiff cites the case of Chicago, B. & Q. R. R. Co. v. McGuire, 219 U. S. 549, 31 Sup. Ct. 259, 55 L. Ed. 328, in support of his contention. In that case the Supreme Court had under consideration a statute of the state of Iowa, very similar in its provisions to section 5 above quoted. We do not think this case affords any assistance to the plaintiff, for the reason that Mr. Justice Hughes, who delivered the opinion of the court, says:

"It may also be observed that the statute, as amended, does not affect contracts of set-

tlement or compromise made after the injury, and the question of the extent of the legislative power with respect to such contracts is not presented."

In the course of this opinion it is further said:

"The acceptance of benefits is, of course, an act done after the injury, but the legal consequences sought to be attached to that act are derived from the provision in the contract of membership. The stipulation which the statute nullifies is one made in advance of the injury that the subsequent acceptance of benefits shall constitute full satisfaction of the claim for damages."

Plaintiff further relies on the case of Philadelphia, Baltimore & Washington Railroad Co. v. Schubert, 224 U. S. 603, 32 Sup. Ct. 589, 56 L. Ed. 911, in which section 5 was under consideration. In that case, the railroad company relied upon the acceptance of benefits in its relief fund under a contract which made the acceptance of such benefits a waiver of all claims for damages against the railroad company. It was there held that such contract was inhibited by section 5, above quoted. Mr. Justice Hughes, who also delivered this opinion of the court, says:

"It includes every variety of agreement or arrangement of this nature; and stipulations, contained in contracts of membership in relief departments, that the acceptance of benefits thereunder shall bar recovery, are within its terms. The statute provides that 'every common carrier [or] railroad in * * * the District of Columbia * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.' That is the liability which the act defines and which this action is brought to enforce."

It seems clear to us from a reading of the section relied upon by the plaintiff and the opinions of the Supreme Court of the United States, from which excerpts have been above set out, that only contracts which attempt to relieve the railroad company from its liability in anticipation of possible injury come within the purview of this act of Congress. In the instant case, the contract relied upon by defendant was a recognition of its liability and a satisfaction thereof, and it can in no sense be said that such contract seeks to exempt the defendant from liability for injuries occasioned to plaintiff under the terms of the Employers' Liability Act.

It has been suggested in the brief of counsel for defendant that a federal question is here involved, and that this court so declare in the event of a possible appeal. The plaintiff herein is claiming the protection of a federal statute, which claim is denied him by the result of this opinion, and therefore a federal question is involved.

The order of the court overruling the demurrer of plaintiff was right, and should be affirmed.

By the Court: It is so ordered.