10940.  CENTRAL OF GEORGIA RAILWAY CO. v. HOBAN.

The well-established principle of law that before a party to a contract is entitled to have it rescinded for fraud in its procurement, he must pay back or tender any valuable consideration received under the terms of

the contract, applies to an action for personal injuries, brought under the Federal "employer's liability act," where the plaintiff, after the infliction of the injury sued for, signed, for a valuable consideration, a contract releasing the defendant from all liability therefor.

DECIDED JANUARY 27, 1920.

Action for damages; from city court of Richmond county—Judge Henry C. Hammond, presiding. September 6, 1919.

*James C. C. Black, W. Inman Curry,* for plaintiff in error.

*Henry C. Roney,* contra.

BROYLES, C. J. This was an action for personal injuries, brought under the Federal "employer's liability act." The petition, construed most strongly against the plaintiff, showed that subsequent to the infliction of the injury sued for, he, for a valuable consideration, to wit, $228, signed a contract releasing the defendant from all liability on account of such injury. Conceding, but not deciding, that the petition further showed that the contract was voidable because of fraud in its procurement, it failed to show that the consideration received was paid back, or a legal tender thereof made, to the defendant. The petition, therefore, did not set out a cause of action, and the court erred in refusing to dismiss it on the general demurrer interposed.

It is earnestly argued by the learned counsel for the defendant in error that in a case brought under the Federal "employer's liability act" such a contract of release can be avoided without the tender of the consideration, but he cites no controlling or persuasive authority to sustain his contention. This question does not appear to have been directly or indirectly passed upon in any decision which we have been able to find, or in any submitted to us by the learned counsel on either side of the case. Upon reason, however, it is clear to us that the just, sound, and equitable principle of law that a party to a contract must restore any valuable consideration received thereunder, before he is entitled to rescind it because of fraud in its procurement, should apply under the Federal act. The mere fact that the act does not specifically provide for the application of the rule is not a convincing argument that it should not be applied. Neither does the act specifically provide that a contract of settlement, for a valuable consideration, made subsequently to the infliction of the injury sued for, can be avoided because of fraud in its procurement, and yet, nevertheless, all the courts have held that this general principle of law is applicable in cases brought under the act.

The fact that in section 5 of the act it is provided in effect that in a case where a *void* contract of release has been made *before* the infliction of the injury sued for, the plaintiff can maintain his action without first tendering the consideration he received, and that the act says nothing in reference to whether an action can be maintained without the tender of the consideration in a case where the plaintiff signed the contract of release *subsequently* to the infliction of the injury sued for, tends to show that in the latter case the general rule of law as to the restitution of the consideration of a contract before it can be rescinded is applicable. The Federal act is, of course, exclusive in its operation upon all matters of substance specifically or impliedly covered by its provisions, but nowhere in the act itself, or in the decisions of the courts construing it which have been called to our attention, can be found anything tending to show that the act does away with the ancient and equitable rule requiring that before a contract can be rescinded for fraud the consideration must be paid back or tendered.

The petition in this case, construed most strongly against the pleader, shows that the release-contract was a settlement for the plaintiff's alleged injuries, and that it was not in contravention of section 5 of the Federal act (35 U. S. Stat. at L. 65, ch. 149), since it was not a device to avoid liability on the part of the defendant, but, on the contrary, a virtual admission of and settlement for such liability and damages, after the accrual of the cause of action. "The right to make a compromise and settlement and enter into a release is a right of contract which, in our judgment, can not be interfered with even by congress." Anderson *v.* Oregon Short Line R. Co., 47 Utah 614 (155 Pac. 446). See, also, in this connection, Richey, Federal Employers' Liability Act, § 32, p. 59; L. R. A. 1918-F, 1073-4-5-6, notes; 34 Cyc. 1071; Mitchell *v.* Louisville etc. R. Co., 194 Ill. App. 77; Ballenger *v.* Southern Ry. Co., 106 S. C. 200 (90 S. E. 1019); Panhandle &c. Ry. Co. *v.* Fitts, Tex. Civ. App. (1916), 188 S. W. 528; Patton *v.* Atchison, T. & S. F. Ry. Co., 59 Okl. 155 (158 Pac. 576).

To avoid the binding effect of the release contract, the plaintiff in his petition goes outside of the provisions of the act and pleads the well known general rule of rescission for fraud in the procurement of the contract. Here he is met by the equally well-established rule of law, and the statutes of this State, that before

one can rescind a contract in such a case he must restore or tender to the other party what he has received under the contract. Civil Code (1910), § 4305; *East Tenn. &c. Ry. Co.* v. *Hayes,* 83 *Ga.* 558 (10 S. E. 350); *Harley* v. *Riverside Mills,* 129 *Ga.* 214, 216 (58 S. E. 711); *Western & Atlantic R. Co.* v. *Atkins,* 141 *Ga.* 743 (2) (82 S. E. 139).

We are of the opinion that sound law and sound morals require that the plaintiff in the instant case should have paid back, or legally tendered, the sum of money which he received as the fruits of the contract voluntarily entered into by him subsequently to the infliction of the injury sued for, before he was entitled to bring his suit on his original cause of action. It follows from what has been said that the court erred in overruling the general demurrer interposed, and that the further proceedings in the case were nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*