## Walch v. Capriotty

*Clarence G. Smedley*, for plaintiff.
*C. William Kraft, Jr.*, for defendant.

SWENEY, J., September 27, 1947.—This case is before the court upon plaintiff's rule to strike off defendant's counterclaim. Suit was commenced by plaintiff in assumpsit to recover from defendant treble damages for rent overcharges on premises 315 Yale Avenue,

Morton. The complaint alleges the overcharges to be $136.47 and claims $409.71 (treble the amount) with interest, reasonable attorney's fee and costs.

Defendant filed an answer denying any overcharge and setting up a counterclaim, growing out of plaintiff's damage to defendant's property. Thereupon, plaintiff filed his motion to strike off the counterclaim and an additional motion and rule for a more specific counterclaim. An amended counterclaim was promptly filed by defendant and the rule for a more specific counterclaim is not being pressed.

Defendant's counterclaim is based upon an alleged breach of a covenant in the lease between the parties, requiring plaintiff to keep the property in good repair, reasonable wear and tear excepted; it is apparent, therefore, that the counterclaim sounds in assumpsit.

In an action of assumpsit, defendant may set off or counterclaim against plaintiff any right or claim for which an action of assumpsit would lie: Practice Act of May 14, 1915, P. L. 483, sec. 14, 12 PS §431. Here, defendant alleges negligence on plaintiff's part in caring for the rented property; in this counterclaim defendant waives the tort and seeks to recover upon a breach of contract; defendant may waive the tort and seek recovery in assumpsit: Rohrbach v. Travelers Indemnity Co., 278 Pa. 74.

The Practice Act of 1915, supra, makes no distinction between set off and counterclaim. To amplify and explain this lack of distinction, rule 1031 was promulgated by the Supreme Court of Pennsylvania, as follows:

"(a) The defendant may set forth in the answer under the heading 'counter claim' any cause of action or set off which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-

contractual. (b) A counterclaim need not diminish or defeat the relief demanded by the plaintiff. It may demand relief exceeding in amount or different in kind from that demanded by the plaintiff."

It is apparent from this rule that the old distinctions between set off and counterclaim no longer exist and that a counterclaim may be entered by defendant against a claim of plaintiff, where the cause of action arises from the same transaction or occurrence. We feel that defendant is within his legal rights, therefore, in filing his counterclaim in this case as it is apparent that his right of action grows out of the same transaction.

Plaintiff, however, contends that defendant would not be entitled to recover for the breaches of covenant, alleged in the counterclaim, until plaintiff gives up possession of the property and defendant was entitled to possession; as a consequence, plaintiff argues that defendant did not have a cause of action against plaintiff at the time of filing the answer. It is probable that, at that time of trial, the facts may sustain this contention; but, as the record stands, the clause of the lease requires plaintiff to keep the premises in good repair at all times, as well as delivering the property back to defendant in the same condition and the claim of defendant indicates that plaintiff, by his negligence, damaged this property during the term of the lease and that defendant had a claim when he filed his answer.

However that may be, we are of the opinion that defendant had a right to file his counterclaim. The trend of modern procedure is to consolidate suits and the old legal barriers are being broken down in favor of quicker and more equitable relief. The differences between these parties may well be settled by one trial, at which all points of controversy are fully and fairly presented to the court and jury.