42869. SOUTHERN RAILWAY COMPANY v. HOGUE.

ARGUED JUNE 6, 1967—DECIDED JUNE 28, 1967—
REHEARING DENIED JULY 14, 1967.

Greene, Buckley, DeRieux, Moore & Jones, John D. Jones, C. Richard McQueen, for appellant.

Sam D. Hewlett, Jr., Florence Hewlett Dendy, for appellee.

HALL, Judge. Under our federal system, for the purposes of diversity jurisdiction, a federal court is "in effect, only another court of the State. . ." and "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co. v. York, 326 U. S. 99, 108, 109 (65 SC 1464, 89 LE 2079, 160 ALR 1231); Erie R. Co. v. Tompkins, 304 U. S. 64 (65 SC 1466, 89 LE 2082). The corollary of this principle is the uniformity of federally created rights that seek enforcement in a state court; therefore, "local rules of pleading cannot be used to impose unnecessary burdens upon right of recovery authorized by fed-

eral laws," e.g., the Federal Employers' Liability Act. Brown v. Western R. of Alabama, 338 U. S. 294, 298 (70 SC 105, 94 LE 100). The question posed in the present case is controlled by federal law. Dice v. Akron, C. & Y. R. Co., 342 U. S. 359 (72 SC 312, 96 LE 398).

Section 5 of the Federal Employers' Liability Act (45 USCA § 55), providing that any contract to enable any common carrier to "exempt itself from any liability created by this chapter shall to that extent be void," does not prevent a railroad from compromising or settling claims and obtaining releases based upon such settlements. Callen v. Pennsylvania R. Co., 332 U. S. 625 (68 SC 296, 92 LE 242). "Untainted by fraud or overreaching, full and fair compromises of FELA claims do not clash with the policy of the Act." South Buffalo R. Co. v. Ahern, 344 U. S. 367, 372 (83 SC 340, 97 LE 395). However, a release induced by fraud or by mutual mistake as to the nature or extent of the releasor's injuries does not bar an action to recover for the injuries. Dice v. Akron, C. & Y. R. Co., 342 U. S. 359, 362, supra; Steele v. Erie R. Co., 54 F2d 688, 690 (W.D. NY 1930); Chicago & N.W. R. Co. v. Curl, 178 F2d 497 (8th Cir. 1949).

The sole question before this court—whether restitution by the claimant is a prerequisite of setting aside a release of claim under the FELA—has never been decided by the Supreme Court of the United States. There appears to be a direct conflict on this question among the other federal authorities. Some federal courts have held that an employee can maintain an action for injuries under the FELA alleging that a release he has already given was executed as a result of fraud or mutual mistake, without tendering restitution of the money received for the release. Marshall v. New York Central R. Co., 218 F2d 900 (7th Cir. 1955); Irish v. Central Vermont R., Inc., 164 F2d 837, 840 (2d Cir. 1947); Humphrey v. Erie R. Co., 116 FSupp. 660 (S.D. NY 1953); accord Graham v. Atchison, T. & S. F. R. Co., 176 F2d 819 (9th Cir. 1949); see Anno. 96 ALR2d 655.

The interpretation of federal law on this question in Collett v. L. & N. R. Co., 81 FSupp. 428 (E.D. Ill. 1948), that a release

entered into in compromise and settlement of a claim cannot be attacked for fraud unless the releasor tenders the return of the consideration for the release, is the same as the law that prevailed in Georgia before and after the Federal Employers' Liability Act. *East Tennessee, Va. & Ga. R. Co. v. Hayes*, 83 Ga. 558 (10 SE 350); *Central of Ga. R. Co. v. Hoban*, 24 Ga. App. 686 (102 SE 46). There is no reason to alter the rule when the release is attacked for mutual mistake instead of fraud. The Florida Court of Appeals has decided the question as it was decided in the Collett case, supra. Overstreet v. Atlantic Coast Line R. Co. (Fla. App.) 152 S2d 188 (96 ALR2d 649). We are not persuaded to interpret the federal law applicable under the Federal Employers' Liability Act differently in the absence of controlling federal authority.

The trial court erred in overruling the defendant's demurrer to the petition.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*