## HOGUE *v.* SOUTHERN RAILWAY CO.

No. 889.   Decided April 1, 1968.

*Samuel D. Hewlett, Jr.,* for petitioner.

*Charles A. Horsky* for respondent.

PER CURIAM.

We granted the petition for certiorari in this case over the opposition of the respondent carrier. *Post,* p. 903. The writ presents for review a judgment in favor of the respondent carrier entered by the Georgia Court of Appeals upon a holding that a plaintiff under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.,* who attacks a previously executed release on grounds of mutual mistake of fact, must, as a condition to bringing his suit, tender back to his carrier employer the consideration he received for the release. 116 Ga. App. 194, 156 S. E. 2d 412, certiorari denied by the Supreme Court of Georgia.   Respondent carrier has now filed before argument a "Memorandum Confessing Error" which states "that its insistence before the Georgia courts that the applicable law required a tender, and the decision of the Georgia Court of Appeals requiring a tender were erroneous.   Accordingly, respondent does not desire to offer brief or argument against petitioner on this issue, and confesses error."

Petitioner had suffered an injury to a knee while working in respondent carrier's shops. He executed a release for a consideration of $105, and did not offer to return the consideration before instituting this action. He pleaded that the release was obtained by reason of a mistake of fact of both parties as to the extent of his injuries, alleging specifically that he and the carrier had relied on the assurances of the carrier's doctor that he had only a bruised knee and was not permanently injured, whereas later it was determined that his injury was permanent and resulted in his having two operations, one of which caused him to lose a kneecap.

The question whether a tender back of the consideration was a prerequisite to the bringing of the suit is to be determined by federal rather than state law. *Dice* v. *Akron, C. & Y. R. Co.,* 342 U. S. 359, 361. We reject the suggestion that a tender back of the consideration is excused only where fraud enters into the execution of the release. See, *e. g., Graham* v. *Atchison, T. & S. F. R. Co.,* 176 F. 2d 819, 826. We hold that a tender back is also not requisite when it is pleaded that the carrier and the employee entered into the release from mutual mistake as to the nature and extent of the employee's injuries. We have held that an express agreement of an injured employee who obtained funds from a carrier to help defray living expenses first to return the sum paid as a prerequisite to the filing and maintenance of an action under the FELA was void under § 5 of the Act.* *Duncan* v.

_____

*Section 5, as set forth in 45 U. S. C. § 55, is as follows:

"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity

*Thompson, Trustee,* 315 U. S. 1. There is no occasion to decide whether the release here involved violated § 5. It is sufficient for the purposes of this decision to note that a rule which required a refund as a prerequisite to institution of suit would be "wholly incongruous with the general policy of the Act to give railroad employees a right to recover just compensation for injuries negligently inflicted by their employers." *Dice* v. *Akron, C. & Y. R. Co., supra,* at 362. Rather it is more consistent with the objectives of the Act to hold, as we do, that it suffices that, except as the release may otherwise bar recovery, the sum paid shall be deducted from any award determined to be due to the injured employee. Cf. *Callen* v. *Pennsylvania R. Co.,* 332 U. S. 625.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE HARLAN, upon consideration of the confession of error filed here by the respondent and in light of the record, would vacate the judgment of the Court of Appeals of the State of Georgia and remand the case for further appropriate proceedings.

.

---

that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."