42869. SOUTHERN RAILWAY COMPANY v. HOGUE.

HALL, Judge. This court reviewed a case governed by the Federal Employers' Liability Act in *Southern R. Co. v. Hogue*, 116 Ga. App. 194 (156 SE2d 412). Congress has seen fit to confer concurrent jurisdiction on State courts in such cases involving a federally created right. The problem for a State court is in trying to determine just what is the Federal law. In many instances, as was true in this case, there is no authoritative holding by the United States Supreme Court. Instead there is a myriad of conflicting decisions by "such inferior Courts as the Congress may from time to time ordain and establish." Art. III, Sec. I, of the United States Constitution. Usually, as was true in this case, the State courts adopt the line of Federal decisions that is in accord with the law of the forum state.

Subsequent to the judgment of this court the employee petitioned for a writ of certiorari to the Supreme Court of the United States. On certiorari, counsel for Southern Railway Company reversed their position and confessed error. The Supreme Court thereupon reversed the judgment of this court, which accordingly now vacates its judgment and affirms the judgment of the trial court.

As an epilogue to this judicial merry-go-round, it should be noted that efforts have been made over the past years to have the Congress abolish the diversity jurisdiction of the Federal courts in cases involving State created rights and

abolish the jurisdiction of State courts as to Federally created rights such as FELA cases, i.e., let Federal cases be tried in Federal courts and State cases be tried in State courts. But alas, this solution may be said to be too simple, too easy—too intelligent.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED JUNE 12, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, John D. Jones, C. Richard McQueen,* for appellant.

*Sam D. Hewlett, Jr., Florence H. Dendy,* for appellee.