**Robert F. MOHR, Appellant,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, a corporation.**

**No. 17368.**

United States Court of Appeals
Third Circuit.

Argued Jan. 7, 1969.

Decided April 7, 1969.

Paul E. Moses, Evans, Ivory & Evans, Pittsburgh, Pa. (Robert B. Ivory, Pittsburgh, Pa., on the brief), for appellant.

Randall J. McConnell, Jr., Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee.

Before BIGGS, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

Mohr was employed by the Railroad as a signal maintainer. On December 28, 1961 he was injured when hit in the leg by a piece of broken brake shoe thrown by a passing train. On July 24, 1963 he brought suit for damages pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. and the Safety Appliance Act, 45 U.S.C. § 1, et seq. The case was settled and was in fact dismissed with prejudice on October 27, 1965. Part of the settlement was the payment of $20,000 by the Railroad to Mohr and a promise by the Railroad to give him the position of another employee, Stacey. The $20,000 was paid to Mohr but he was not given Stacey's job and in July 1967 he lost his position with the Railroad since the particular temporary job to which he had been assigned was abolished. On August 25, 1967 Mohr filed a motion to set aside the settlement [1] and relist the case for trial on the grounds of failure of consideration. The court below on May 17, 1968 after a hearing denied the motion and the appeal followed.

The court below concluded that it was necessary for Mohr to tender back the $20,000 before he had the standing

---

1. Apparently pursuant to Rule 60(b), Fed.R.Civ.Proc., 28 U.S.C.

to sue to rescind the settlement agreement but in Hogue v. Southern R. Co., 390 U.S. 516, 88 S.Ct. 1150, 20 L.Ed.2d 73 (1968), the Supreme Court pointed out that the issue of whether a tender back of the consideration is a prerequisite to an attack upon a previously executed release on grounds of mutual mistake of fact must be decided by federal and not by state law. The Court stated id. at 518, 88 S.Ct. at 1152, that, "It is sufficient for the purposes of this decision to note that a rule which required a refund as a prerequisite to institution of suit would be 'wholly incongruous with the general policy of the [FELA] Act to give railroad employees a right to recover just compensation for injuries negligently inflicted by their employers'. * * * Rather it is more consistent with the objectives of the Act to hold, as we do, that it suffices that, except as the release may otherwise bar recovery, the sum shall be deducted from any award determined to be due to the injured employee." Though in the case at bar there is no allegation of mutual mistake of fact, the motion itself being based on failure of consideration, nonetheless we conclude that the *Hogue* case rules the case at bar and that the conclusion of the trial court that rescission was not open to Mohr was erroneous.[2]

▪ Other difficulties remain, however. As was stated by Mr. Justice Cardozo in United States v. Chicago, M., St. P. & P. R. Co., 294 U.S. 499, 511, 55 S.Ct. 462, 467, 79 L.Ed. 1023 (1935): "We must know what a decision means before the duty becomes ours to say whether it is right or wrong." Upon the present record we are unable to decide the instant appeal. Accordingly we will vacate the judgment and remand the case to the court below. Upon remand the trial court, receiving additional evidence if necessary, should decide the following questions and any others which may appear to it to be pertinent: (1) Was there a contract of settlement; (2) if there was, was it carried out by the parties; (3) if it was not carried out, in what respects did the parties fail to effect it; (4) was there a failure of consideration and if so in what respects; (5) was there a mutual mistake of fact; (6) was Stacey's job classified as temporary or nontemporary; and (7) was there or was there not a breach of fiduciary duty owed to Mohr by the Brotherhood of Railway Signalmen, Lodge No. 1,[3] possibly imputable to the Railroad, or actual or legal fraud?[4]

▪ In connection with the issue of breach of fiduciary duty or fraud we note that Mohr's temporary position lasted longer than Stacey's employment. It does not necessarily follow, however, that this disposes of Mohr's employment claim or that Mohr or Lodge No. 1, Brotherhood of Railway Signalmen were aware at the time of the settlement that Stacey's position was a temporary one, if in fact

2. The trial court stated in its "Memorandum" that "There is authority for the proposition that the debtor's breach of a Section 418 [Restatement, Contracts] agreement gives rise to a right of rescission by the creditor. Carlisle Trust Co. v. Myers, 121 Pa.Super. 560, 184 Atl. 460 (1936). Cf. Rohrbach v. Travelers' Indemnity Co., 278 Pa. 74, 122 Atl. 217 (1923). Contra: Archibald McNeil & Sons Co. v. U.S., *supra;* 6 Williston, Contracts (Rev.Ed.) § 1848, p. 5206. However, this right depends upon the creditor's tender to the creditor [*sic*] of the property received pursuant to the settlement agreement. Carlisle Trust Co. v. Myers, *supra.* This prerequisite has not been complied with by plaintiff. There-

fore, a right of rescission has not matured."

3. Not a party to this record.

4. The term legal, or "constructive" fraud to apply to breaches of fiduciary duty irrespective of malice or scienter is widely employed. Hyman v. Regenstein, 258 F. 2d 502 (5 Cir. 1958), Lawton v. Strong, 249 F.2d 299 (6 Cir. 1957). See also In re Bowen, 151 F.2d 690 (3 Cir. 1945).

There can be no doubt but that such a relationship of trust exists between unions and their members. 29 U.S.C. § 141; Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), United Steelworkers of America (AFL–CIO), Local Union No. 4264 v. New Park Mining Co., 273 F.2d 352 (10 Cir. 1959).

it was such.[5] Knowledge of the precise nature of Stacey's employment may perhaps be imputable to the Railroad and in our opinion to Lodge No. 1 as well. We call attention to the fact that although the Railroad claims that Mohr was relieved "due to a necessary reduction in work force," it appears from the present record that only Mohr was relieved of duties at the time of his discharge.

Further in connection with the issue of breach of fiduciary duty or fraud, we note that a detailed explanation of Mohr's employment was set out in the letter of July 19, 1967 sent by R. A. Myers, Chairman, Brotherhood of Railroad Signalmen, Lodge No. 1, to Messrs. Evans, Ivory & Evans, Mohr's counsel, respecting his new employment by the Railroad. The letter was sent approximately one year and three-quarters after the date of the dismissal of Mohr's suit. It does not appear from the record that Mohr was aware of the terms upon which his suit was dismissed. In fact it affirmatively appears from his testimony that he was not aware of the temporary nature of his proposed employment. Further Myers' status, seemingly negotiating on Mohr's behalf, acting apparently in conjunction with Mohr's attorney, is far from clear. The settlement agreement, at least as it worked out, seems incongruous with the general policy of the Act, the intent of which is to give "railroad employees [the] right to recover just compensation for injuries negligently inflicted by their employers." See Hogue v. Southern R. Co., supra, 390 U.S. at p. 518, 88 S.Ct. 1150, 1152. See also Dice v. Akron, C. & Y. R. Co., 342 U.S. 359, 362, 72 S.Ct. 312, 96 L.Ed. 398 (1952). Whether or not Lodge No. 1 fulfilled its fiduciary duty to Mohr or whether there was any fraud must be determined by the court below on remand. We presently reject the finding made by the court below for the record is insufficient.

■ It should be noted as well that the settlement agreement as to Mohr's future services purports to tie that employment to Article 4, Section 16, Paragraph (a) of a collective bargaining agreement between the Railroad and the Brotherhood of Railroad Signalmen of America of which Mohr was a member. If the settlement agreement is deemed to be a valid one by the court below in that it is not subject to rescission the dispute between Mohr and the Railroad may possibly require decision by the Natl. Railroad Adjustment Board under the Railway Labor Act. See 45 U.S.C. § 151 et seq. We note also the record shows that a "time claim" was filed by Mohr but the precise nature of this claim does not appear.[6,7] The "time claim"

---

5. At the argument counsel for the parties were unable to point out to this court evidence in the record which would identify Stacey's job, i.e., inter alia, whether Stacey's job was temporary or non-temporary in nature and how it was classified. Counsel, at the suggestion of the court, agreed that they would try to stipulate as to these facts.

On March 14, 1969 counsel for Mohr filed a motion to remand stating in substance that he and counsel for the Railroad were unable to stipulate as suggested by the court and requested remand of the case for the purpose of taking further testimony from Myers. On March 18, 1969 counsel for the Railroad filed a reply to the motion to remand objecting thereto. Prior to the motion to remand the court in view of the disordered record, sua sponte, had determined that a remand was necessary and that a remand would be ordered.

The issues referred to in this note and in the body of the opinion, on remand must be determined by the court below and not only further testimony should be required of Myers but all pertinent available evidence must be made a part of the record. This being done, the issues must be resolved by the court below with appropriate findings of fact and conclusions of law.

6. Tr. pp. 79–83.

7. Apparently this document was offered in evidence as defendant's Exhibit "A". An examination of the transcript contains no list of exhibits by the experienced reporter which would indicate that no exhibits were offered. We assume therefore that Exhibit "A" was not received in evidence. When Exhibit "A" was of-

may also require decision by the Adjustment Board and such decision may render moot other questions respecting Mohr's claim. We cannot tell on the present record whether there is any issue presented by the instant case which may be cognizable under the Railway Labor Act and the court below has made no determination respecting any such possible claim. We point out, however, that Mohr is not required to exhaust his administrative remedies before bringing suit. See Cook v. Missouri Pac. R. Co., 263 F.2d 954 (5 Cir. 1959), cert. den. 361 U.S. 866, 80 S.Ct. 120, 4 L.Ed.2d 104 (1959); Woolley v. Eastern Airlines, Inc., 250 F.2d 86 (5 Cir. 1957), cert. den. 356 U.S. 931, 78 S.Ct. 773, 2 L.Ed.2d 761 (1958). See also Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953) and Gainey v. Brotherhood of R. and S. S. Clerks, 275 F.2d 342 (3 Cir. 1960), cert. den. 363 U.S. 811, 80 S.Ct. 1248, 4 L.Ed.2d 1153 (1960). The cases cited deal with breach of contract and Mohr's suit, as we have stated, is based on the Federal Employers' Liability Act and the Safety Appliance Act, not on breach of contract. Whether or not Mohr made an election to proceed on the Railway Labor Act is a matter which should be inquired into by the court. It cannot be decided on the present record. A decision on this issue of course would not be relevant if the court below should decide that the settlement agreement should be rescinded.

Concerning the numerous questions of fact and issues of law raised in this opinion we, of course, express no opinion.

As stated, the judgment of the court below will be vacated and the cause will be remanded. The court must enlarge the record by further evidence and for findings of fact and conclusions of law as may be required.

---

fered an objection was made by Mr. Ivory, counsel for Mohr, and the court in response to his objection stated: "This line of testimony is subject to your objection, Mr. Ivory."