Silas E. COUNTS, Plaintiff–Appellant,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, Defendant–Appellee.

No. 88–4297.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 5, 1989.

Submitted Dec. 15, 1989.

Decided Feb. 21, 1990.

John C. Hoyt and Alexander Blewett, Great Falls, Mont., for plaintiff-appellant.

Dolphy O. Pohlman and Marshall L. Mickelson, Butte, Mont., for defendant-appellee.

Before CANBY, WIGGINS and FERNANDEZ, Circuit Judges.

WIGGINS, Circuit Judge:

Silas Counts appeals the district court's order granting summary judgment for his employer, Burlington Northern Railroad Company (Burlington). Counts argues that the district court erroneously held that his state law claim was preempted by the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1982). We have jurisdiction under 28 U.S.C. § 1291 (1982), and we affirm.

## FACTS AND PROCEEDINGS

While loading flat cars for Burlington, Silas Counts injured his back and left leg. Burlington concluded that its negligence was great and that Counts was not at fault. Burlington began making small advances to Counts, but threatened to stop those advances if he hired an attorney to examine his FELA claim. Burlington's claims representative, Ward Maser, told Counts to attend a FELA trial involving another Burlington employee, Bruce Jones, which resulted in a verdict for Burlington because its negligence was not established. Maser told Counts that, like Jones, Counts would probably end up with nothing if he did not take Burlington's settlement offer. Maser also told Counts that he really wasn't that seriously injured, despite Burlington's investigative report that found Counts' injuries permanent and disabling. Finally, Maser told Counts that the claims office in his area was closing and that there would be no more offers and no more advances if Counts did not accept Burlington's offer that day. Counts did accept the offer that day.

Counts brought a diversity action against Burlington seeking damages for its alleged fraud in inducing him to release his FELA claim. The district court held that Counts' claim, which was based in state law, was preempted by federal law because a cause of action under FELA existed for fraud in the inducement of a release.

## STANDARD OF REVIEW

This court reviews a district court's order granting summary judgment de novo. *Orozco v. United Air Lines, Inc.*, 887 F.2d 949, 951 (9th Cir.1989).

## DISCUSSION

On appeal, Counts contends that the court's conclusion that FELA preempts his state law claim of fraud is erroneous because he has no remedy for fraud in the inducement of a release under FELA. This argument lacks merit.

■ Notwithstanding a document signed by an employee which purports to release his employer for FELA injury claims, the employee may bring a FELA suit for damages by challenging the validity of the release for fraud.[1] *See Dice v. Akron, Canton & Youngstown R.R. Co.*, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952). A challenge to the validity of a FELA release for fraud raises a federal question to be determined under federal rather than state law. *Id.* at 361, 72 S.Ct. at 314. To permit independent state-law actions for fraud in inducing FELA releases would lead to results that would vary from state to state. That we cannot allow. "[O]nly if federal law controls can the federal Act be given that uniform application throughout the country essential to effectuate its purposes." *Id.*

■ A successful challenge to Counts' release in his FELA action would invalidate the preclusive effect of the release, thus allowing Counts to carry forward his FELA claim. If he can prove his entitlement to damages under FELA, the court will award those damages less what he has already received pursuant to the release. *Hogue v. Southern Ry. Co.*, 390 U.S. 516, 518, 88 S.Ct. 1150, 1152, 20 L.Ed.2d 73

1. Indeed, Counts has a FELA claim pending in the Montana district court.

426

(1968). Thus, despite Burlington's fraud, Counts will be fully compensated for his personal injuries. Whether Counts may be entitled under FELA or federal common law to any additional recovery is a question not now before us, and we do not address it. It is clear, however, that his state law claim is preempted, regardless of whether federal law provides the remedy he seeks. *See Wildman v. Burlington Northern R.R. Co.*, 825 F.2d 1392, 1395 (9th Cir.1987) (absence of punitive damages remedy under FELA does not leave states free to fashion such a remedy); *cf. Monessen v. Southwestern Ry. Co. v. Morgan*, 486 U.S. 330, 108 S.Ct. 1837, 1842–44, 100 L.Ed.2d 349 (1988) (state law cannot apply to permit prejudgment interest award in FELA case where FELA does not authorize awards of prejudgment interest).

Counts has a cause of action under FELA available to him. Thus, Counts may not bring an independent state law claim for fraud in the inducement of a release. *See Lancaster v. Norfolk & Western Ry. Co.*, 773 F.2d 807, 812 (7th Cir.1985), *cert. denied*, 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987) (railroad employee cannot sue under state law where FELA cause of action exists).

The decision of the district court is AFFIRMED.