Mary DEREN, et al., Plaintiffs, Appellants,

v.

DIGITAL EQUIPMENT CORP., Defendant, Appellee.

No. 95–1086.

United States Court of Appeals, First Circuit.

Heard May 4, 1995.

Decided July 25, 1995.

Mark L. Hare, Springfield, MA, for appellants.

Jay M. Presser with whom Jeffrey C. Hummel, Springfield, MA, was on brief, for appellee.

Before CYR, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

As part of a severance agreement, plaintiffs signed releases waiving all claims against their former employer. Three and one half years later, contending that the releases had been coerced, they brought this ERISA suit. The district court dismissed, applying the common law rule that a party may not avoid a contract based on duress without first returning the consideration received. We express no view on whether ERISA plaintiffs must satisfy this "tender back" requirement. Instead, we affirm the court's dismissal on the ground that, by waiting so long before attempting to avoid the releases, plaintiffs have ratified them, thus waiving their claims.

## I. *Background*

We take the facts as alleged in the complaint. *E.g., Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993). Plaintiffs were employees of

a Digital Equipment facility in Enfield, Connecticut. In May or June 1990, Digital offered all employees at the Enfield plant a severance package, called a Transitional Financial Support Option (TFSO), which consisted of a lump sum cash payment of at least 40 weeks' pay. Plaintiffs agreed to accept the TFSO in a timely manner. Digital, however, apparently underestimating the number of employees who would accept its offer, refused to give plaintiffs the TFSO benefits. Instead, it gave the TFSO package to ten other employees. Plaintiffs then requested information from Digital concerning the criteria by which the ten employees were selected. Digital, in response, offered plaintiffs an alternate severance package, with less generous benefits than the TFSO. In November and December of 1990, plaintiffs accepted the alternate severance plan, and, in exchange, signed releases waiving all claims against Digital, including claims arising out of its refusal to give them the TFSO benefits.

Plaintiffs filed this suit on June 17, 1994, more than three and one half years later, claiming that they had been coerced into accepting the lesser package and signing the releases. In particular, they alleged that Digital had isolated them, given them only four days to accept or reject the alternate plan, and told them that they would likely suffer a pay reduction or be transferred or laid off without any benefits if they did not accept. Digital moved to dismiss the suit on a number of grounds. The district court held that ERISA left undisturbed the common law rule that, as a precondition to attempting to avoid a contract or release, the consideration supporting the contract or release must be tendered back to the released party. Since plaintiffs concededly have re-

tained the benefits of the alternate severance package, the district court concluded that their suits were not viable.

## II. *Analysis*

The parties have extensively briefed whether ERISA displaces the common law tender back requirement, a question apparently of first impression in any federal court of appeals.[1] We leave this interesting question for another day.

In *In re Boston Shipyard Corp.*, 886 F.2d 451 (1st Cir.1989), we said:

> It is well settled that "[a] contract or release, the execution of which is induced by duress, is voidable, not void, and the person claiming duress must act promptly to repudiate the contract or release or he will be deemed to have waived his right to do so."

*Id.* at 455 (quoting *Di Rose v. PK Management Corp.* 691 F.2d 628, 633–34 (2d Cir. 1982)). Applying this principle, we found that a party had ratified a release agreement by accepting payment and waiting for over a year and one half before claiming that it was duress-induced. *Id.* We recently reiterated the rule. *See Vasapolli v. Rostoff,* 39 F.3d 27, 35 n. 5 (1st Cir.1994) ("A contract signed under duress is voidable, but not automatically void. By accepting the funds and failing to seek a remedy based on duress within a reasonable period of time ..., the plaintiffs forfeited any entitlement to relief on this basis.") (citations omitted). *See also Abbadessa v. Moore Business Forms, Inc.,* 987 F.2d 18, 22–24 (1st Cir.1993) (finding ratification of an allegedly avoidable release under New Hampshire law). Other courts agree. *E.g., Sutter Home Winery, Inc. v. Vintage*

---

**1.** In *Hogue v. Southern Ry. Co.,* 390 U.S. 516, 88 S.Ct. 1150, 20 L.Ed.2d 73 (1968), the Supreme Court held that the Federal Employer Liability Act (FELA) *had* displaced the tender back requirement, and allowed plaintiff's suit to go forward despite his failure to return consideration received for a release of claims. Several courts of appeals have addressed the applicability of the *Hogue* decision to a variety of remedial statutes, such as 42 U.S.C. § 1983, the ADEA, Title VII, and the Jones Act, with mixed results. *Compare Forbus v. Sears Roebuck & Co.,* 958 F.2d 1036, 1041 (11th Cir.1992) (no tender back requirement for ADEA plaintiff) *and Oberg v. Allied Van*

*Lines,* 11 F.3d 679, 684 (7th Cir.1993) (same) *with Wamsley v. Champlin Refining and Chemicals, Inc.,* 11 F.3d 534, 539–40 (5th Cir.1993) *(contra ). See also Botefur v. City of Eagle Point,* 7 F.3d 152, 156 (9th Cir.1993) (no tender back requirement for § 1983 plaintiff); *Smith v. Pinell,* 597 F.2d 994, 996 (5th Cir.1979) (no tender back requirement for Jones Act plaintiff); *Fleming v. U.S. Postal Service AMF O'Hare,* 27 F.3d 259, 260–62 (7th Cir.1994) (enforcing tender back requirement for Title VII plaintiff). None, apparently, has been asked to determine whether *Hogue* applies to ERISA.

*Selections, Ltd.*, 971 F.2d 401, 409 (9th Cir. 1992) (after accepting the benefits of an agreement for four years, party may no longer avoid the agreement based on claimed duress); *Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217, 220 (5th Cir.1991) (retaining benefits of release for two years constitutes ratification).

■ We think the instant case falls squarely within this rule. The undisputed facts show that, for three and one half years after any claimed duress had passed, the plaintiffs enjoyed the benefits of the bargain they now wish to avoid. During this time, they never sought to repudiate their agreements based on duress.[2] Thus, whether or not the releases initially were secured through duress, plaintiffs ratified them by their subsequent conduct. *See Boston Shipyard*, 886 F.2d at 455 (party may ratify an agreement entered into under duress by, *inter alia*, " 'remaining silent or acquiescing in the contract for a period of time after he has the opportunity to avoid it' ") (quoting *United States v. McBride*, 571 F.Supp. 596, 613 (S.D.Tex.1983)). By ratifying the releases, plaintiffs waived the claims they now attempt to assert. Their complaint was properly dismissed.

*Affirmed.*

---

**2.** We think the district court was overly generous in stating that plaintiffs claimed they orally had repudiated the releases. The court cited only to a footnote in plaintiffs' memorandum opposing the motion to dismiss, which asserted that they "notified Digital of their claims promptly." To repudiate a contract, however, "a party must unequivocally declare his intent not to perform his obligation." *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 864 (7th Cir.1986). Plaintiffs point to no such unambiguous statement of intent to disavow their agreement to forego legal claims against Digital before they filed this lawsuit. The language relied on by the district court is far too vague to be read as a claimed repudiation of the releases. Indeed, we suspect it might refer to what plaintiffs' counsel described at oral argument as plaintiffs' post-settlement requests for information concerning the TFSO. Perhaps more importantly, the essential document for evaluating a motion to dismiss, the amended complaint, contains no allegation that plaintiffs repudiated the releases before bringing suit.