A96A1211. EUBANKS et al. v. CSX TRANSPORTATION, INC. et al.
(478 SE2d 387)

ANDREWS, Judge.

Augusta Cab Company, Inc. (Augusta Cab) was transporting a group of railroad workers employed by CSX Transportation, Inc. (CSX) when the van containing the employees was involved in an accident. Ted Eubanks, one of the CSX employees in the van, sued CSX and Augusta Cab for injuries he suffered in the accident. He alleged that the accident occurred during the scope of his employment for CSX; that the accident was caused by the negligence of Augusta Cab and that Augusta Cab was operating the van as an agent of CSX. In the same complaint, Eubanks' wife also brought a

loss of consortium action against Augusta Cab.

CSX and Augusta Cab moved for summary judgment on all the claims contending that, after the van accident, Eubanks and his wife settled the present claims and executed a release discharging CSX and its agents from liability on all claims and injuries which occurred prior to the release. The trial court granted the summary judgment motions finding that Eubanks and his wife released all claims arising out of the van accident. Eubanks and his wife appeal claiming the release they signed after the van accident was intended to apply only to the settlement of a job-related foot injury suffered by Eubanks prior to the van accident and did not release any claims arising out of the van accident. They claim the trial court erred by failing to consider evidence which showed there was a mutual mistake of material fact affecting the validity of the release as it applied to the van accident.

The van accident giving rise to the injuries at issue in the present claims occurred on March 10, 1990. Medical evidence showed that, as a result of physical and psychological injuries he suffered in the 1990 van accident, Eubanks underwent years of continuing medical treatment and has been unable to return to work for CSX. Prior to the van accident, Eubanks suffered a foot injury in 1988 in the scope of his employment with CSX which caused him to miss five to seven months of work.

On or about July 19, 1990, Eubanks and his wife, unrepresented by counsel, met with a CSX claims representative and signed a release agreement in favor of CSX and its agents for a settlement payment of $52,763. The agreement recited the payment and specifically stated that there was a settlement and release of all claims arising out of the 1988 foot injury. The release also showed a deduction from the $52,763 payment for a $19,910 advance made by CSX to Eubanks. Eubanks' deposition testimony provided evidence that the advance was made to him prior to the van accident while he was disabled due to the 1988 foot injury. Although the release made no specific mention of the van accident, it stated generally that it settled "all claims . . . which the undersigned has or might have . . . for any and all injuries to [person or property] occurring prior to the date of this settlement and final release, including but not limited to injuries and/or damage arising out of or in any way connected with [the 1988 foot injury]." Based on this language in the release, CSX and Augusta Cab claim the July 1990 release discharged them from liability for all claims arising out of the March 1990 van accident.

1. The parties agree that Eubanks' action against CSX for injuries suffered in the scope of his railroad employment for CSX is controlled by the provisions of the Federal Employers' Liability Act (FELA). See 45 USC § 51 et seq. In a FELA case, federal law governs

substantive issues as to the validity of a release. *Dice v. Akron &c. R. Co.*, 342 U. S. 359, 361 (72 SC 312, 96 LE 398) (1952); *Southern R. Co. v. Hogue*, 116 Ga. App. 194, 196 (156 SE2d 412) (1967), rev'd on other grounds, 390 U. S. 516 (88 SC 1150, 20 LE2d 73) (1968). The party attacking the release bears the burden of establishing invalidity, and one method of doing so is to show that both parties to the release were mistaken as to a fact material to the release agreement. *Maynard v. Durham &c. R. Co.*, 365 U. S. 160, 163 (81 SC 561, 5 LE2d 486) (1961); *Callen v. Pennsylvania R. Co.*, 332 U. S. 625 (68 SC 296, 92 LE 242) (1948); see also *Fox v. Washburn*, 264 Ga. 617 (449 SE2d 513) (1994); *Fulghum v. Kelly*, 255 Ga. 652 (340 SE2d 589) (1986).

Eubanks and his wife contend that, despite the general language in the release indicating it applied to all claims occurring prior to the July 1990 settlement and release, they and the CSX claims representative, who witnessed and signed the release agreement for CSX, expressed a mistaken understanding when they signed the agreement that the release and settlement applied only to the 1988 foot injury. Eubanks gave deposition testimony that he met with the claims representative and agreed to discuss settlement of the foot injury claim. He testified that the claims representative explained to him that he calculated a settlement amount for the foot injury by multiplying estimated lost wages as a result of that injury by a factor of three. Pursuant to their conversation, Eubanks testified that the release agreement was signed and he accepted a settlement check from CSX for the amount he and the representative agreed was due on the foot injury.

CSX and Augusta Cab contend summary judgment in their favor was proper because the July 1990 release employed general language making it applicable to the March 1990 van accident, and there was no probative evidence that the claims representative who negotiated the release for CSX mistakenly believed the release applied only to the 1988 foot injury. They claim Eubanks' testimony as to what the CSX claims representative said when he and Eubanks discussed settlement of the foot injury, signed the release, and agreed on the $52,763 settlement, was non-probative hearsay. We disagree. Eubanks' testimony recounting what the CSX claims representative told him at the time of the settlement and release agreement was admissible for the purpose of showing that, despite language in the release to the contrary, both he and the CSX claims representative agreed on the settlement amount and the release on the mistaken belief that the release applied only to the 1988 foot injury. OCGA §§ 24-3-33; 10-6-64. The statements supporting this contention allegedly made to Eubanks by the CSX claims representative were made in the scope of the representative's employment for CSX and at the time the settlement and release agreement at issue was entered into.

Accordingly, they were proper evidence of admissions made by an agent for CSX as part of the res gestae. *J. D. Jewell, Inc. v. Hancock*, 226 Ga. 480, 487-488 (175 SE2d 847) (1970); *Southern R. Co. v. Allen*, 118 Ga. App. 645, 646-647 (165 SE2d 194) (1968); *Thornton v. King*, 81 Ga. App. 122, 128-129 (58 SE2d 227) (1950).

Although federal law controls substantive matters in a FELA case, in the absence of any interference with substantive rights or defenses under FELA, state rules of procedure and practice (including rules governing the admissibility of evidence) apply. *Central of Ga. R. v. Jones*, 152 Ga. 92, 96-97 (108 SE 618) (1921); *Atlanta Joint Terminals v. Knight*, 98 Ga. App. 482, 484-485 (106 SE2d 417) (1958). We find no interference with substantive FELA rights or defenses in the application of the above Georgia rules governing the admissibility of evidence. The defendants are not precluded from producing other evidence that there was no mutual mistake of fact or from attacking the credibility of Eubanks as to what was said by the parties when the settlement and release agreement was signed.

There was evidence of a mutual mistake as to a fact material to the content and effect of the release agreement. Accordingly, a jury question exists as to whether there was a valid release of FELA-based claims arising out of the 1990 van accident. See *Counts v. Burlington Northern R. Co.*, 952 F2d 1136, 1141 (9th Cir. 1991).

2. The record is unclear as to whether the plaintiffs also allege non-FELA-based causes of action.[1] Nevertheless, to the extent the complaint may also allege non-FELA-based causes of action against Augusta Cab, a similar question of fact also exists under Georgia law as to whether there was a valid release of such claims arising out of the 1990 van accident. *Fox*, supra; *Fulghum*, supra.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 29, 1996 —
RECONSIDERATIONS DENIED NOVEMBER 20, 1996 — ■■■■■■

*Burge & Wettermark, James H. Wettermark*, for appellants.
*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell, Dye, Tucker, Everitt, Wheale & Long, Duncan D. Wheale*, for appellees.

---

[1] Although we do not reach this issue, it is clear that the loss of consortium claim must be non-FELA-based in order to survive. *Louisville & Nashville R. Co. v. Lunsford*, 216 Ga. 289 (116 SE2d 232) (1960); *Bowers v. Estep*, 204 Ga. App. 615, 620 (420 SE2d 336) (1992).