[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO STRIKE
The defendant seeks to strike the First and Third Counts of the complaint. At oral argument the defendant withdrew its motion as to the Third Count.
The pertinent counts of the complaint allege that the plaintiff, a welder operator, was injured at his employment with the defendant Amtrak and AK Railroad Materials, Inc. Count One alleges a cause of action in negligence under the Federal Employers' Liability Act ("FELA"),45 U.S.C. § 51, et seq. Count Two alleges a cause of action under the Connecticut Product Liability Act, General Statutes § 52-572, et seq.
The defendant argues that since General Statutes § 52-572 is an exclusive remedy, the plaintiff is barred from pleading Count One.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
General Statutes § 52-572n(a) states in pertinent part that a "product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and CT Page 1187 warranty for harm caused by a product." The statute is clear that if the defendant is a product seller the statutory action shall be in lieu of all other claims. The plaintiff argues that since he cannot determine at this point if his cause of action is one under FELA or a product liability action, he should be allowed to plead both. See P.B. § 137.
The plaintiff does not claim that he can recover under both counts. In fact, FELA, when applicable, is the exclusive remedy against a railroad for injuries to its employees. Metropolitan Coal Company v.Johnson, 265 F.2d 173 (1959); Counts v. Burlington NorthernRailroad Company, 896 F.2d 424, 426 (1989)("a railroad employee cannot sue under state law where a FELA cause of action exists."). If the defendant is the plaintiff's employer, then FELA is the exclusive remedy. If the defendant is a product seller, then General Statutes § 52-572m, et seq., provides the exclusive remedy. Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 73 (1990)("Since the statute provides only that it is the exclusive remedy for `claims against product sellers'; General Statutes 52-572n (a); we conclude that the statute does not foreclose common law claims against those who are not product sellers"). The plaintiff has persuaded the court that the alternative pleading of two exclusive causes of action may stand. At some subsequent stage but prior to trial, the plaintiff, or the court upon a motion for summary judgment, should make the determination and limit the complaint to one cause or the other.
The Motion to Strike is denied.
DiPentima, J.